278 P.3d 310

**KOOL RADIATORS, INC., an Arizona corporation, Plaintiff/Appellant/Cross–Appellee,**

v.

**Stephen EVANS and Jane Doe Evans, an Arizona married couple, Defendants/Appellees/Cross–Appellants,**

and

**AEGIS Jet, LLC, a Delaware limited liability company, Defendant/Appellee.**

**No. 1 CA–CV 11–0071.**

Court of Appeals of Arizona, Division 1, Department A.

May 31, 2012.

Osborn Maledon, P.A. by Colin F. Campbell, Brandon A. Hale, Phoenix, Attorneys for Plaintiff/Appellant/Cross–Appellee.

Mariscal, Weeks, McIntyre & Friedlander, P.A. by Timothy J. Thomason, Denise H. Troy, Phoenix, Attorneys for Defendants/Appellees/Cross–Appellants Evans.

Palecek & Palecek PLLC by Karen A. Palecek, Scottsdale, Attorneys for Defendant/Appellee Aegis Jet.

## OPINION

PORTLEY, Judge.

¶ 1 Kool Radiators, Inc. ("KRI") appeals the attorneys' fees and costs awarded to Stephen Evans ("Evans") and Aegis Jet, LLC ("Aegis"). For the reasons that follow, we exercise special action jurisdiction and grant relief by vacating the fee award.

## FACTS

¶ 2 Stephen Evans approached Ron Davis, a professional acquaintance, in 2007 with an investment proposal. Evans told Davis that Aegis was raising capital to purchase Aero Jet Services, LLC ("Aero Jet"), and offered him an opportunity to invest in Aegis. Evans presented Davis with the purchase agreement between Aegis and Aero Jet, and allegedly assured him that his money would be used to finance the acquisition or his investment would be returned.

¶ 3 Davis did not make the investment. Instead, his company, KRI, made the $250,000 investment in exchange for a twenty-five percent interest in Aegis. Aegis, however, did not meet the terms of the acquisition contract and allowed the offer to lapse in August 2007. As a result, Aero Jet terminated the purchase agreement.

¶ 4 KRI subsequently filed a complaint against Evans [1] and Aegis for fraud, securities fraud, negligent misrepresentation, and breach of fiduciary duty. KRI sought to rescind its subscription agreement with Aegis or to recover damages. Aegis and Evans (collectively, "the defendants") moved to dismiss the complaint. They included the argument that the lawsuit was premature because Aegis was still negotiating to acquire Aero Jet. The motions were denied and the trial court allowed KRI to amend its complaint.

¶ 5 KRI filed an amended complaint, and the defendants again filed motions to dismiss. They maintained that the lawsuit was not ripe and claimed that KRI had failed to cure the earlier defects. After argument, the court dismissed the amended complaint without prejudice and ordered the parties to bear their own attorneys' fees. The court signed the form of judgment filed by KRI. KRI then filed a notice of appeal,[2] and the defendants filed motions to set aside the judgment and for reconsideration of the denial of their attorneys' fees and costs.

¶ 6 The trial court subsequently set aside the judgment, again dismissed the amended complaint without prejudice, but awarded defendants their fees and costs, including fees for the dismissed appeal. After receiving the signed minute entry awarding Evans his fees and costs, KRI filed a notice of appeal. KRI filed an amended notice of appeal after the court signed a judgment in January 2011 which mirrored the minute entry, and again after the judgment awarding Aegis its fees and costs.

1. Jane Doe Evans was served but never filed an appearance.

2. We dismissed the KRI appeal because a dismissal without prejudice is not a final appealable order. *Kool Radiators, Inc. v. Evans,* 1 CA–CV 10–0407 (Ariz. Ct. App. Aug. 6, 2010).

## DISCUSSION

¶ 7 KRI makes three arguments on appeal. First, it argues that the court erred when it dismissed the amended complaint. Second, it argues that the court erred by awarding fees and costs to Evans because he was not a party to the subscription agreement and because the claims against Evans did not arise out of contract. Finally, KRI contends that the court lacked authority to award fees and costs incurred in handling the initial appeal.

### A. Jurisdiction

¶ 8 As a threshold matter, "[w]e are obligated to examine our jurisdiction over an appeal...." *Grand v. Nacchio,* 214 Ariz. 9, 15, ¶ 12, 147 P.3d 763, 769 (App.2006) (citing *Cordova v. City of Tucson,* 15 Ariz.App. 469, 470, 489 P.2d 727, 728 (1971)). We may resolve only those appeals authorized by statute. *Cordova,* 15 Ariz.App. at 470, 489 P.2d at 728 (citing *Ginn v. Superior Court (Molloy),* 1 Ariz.App. 455, 404 P.2d 721 (1965)). KRI challenges the court's dismissal of its amended complaint without prejudice, which is not a final, appealable order. *McMurray v. Dream Catcher USA, Inc.,* 220 Ariz. 71, 74, ¶ 4, 202 P.3d 536, 539 (App.2009) (citing *L.B. Nelson Corp. of Tucson v. W. Am. Fin. Corp.,* 150 Ariz. 211, 217, 722 P.2d 379, 385 (App.1986)); *Grand,* 214 Ariz. at 15, ¶ 12, 147 P.3d at 769 (citing *R.L. Harris & Co. v. Houck,* 22 Ariz. 340, 341, 197 P. 575, 575 (1921)); *see also* Ariz.Rev.Stat. ("A.R.S.") section 12–2101 (West 2012) (identifying appealable judgments and orders). As a result, we cannot examine the merits of the dismissal on appeal.[3]

¶ 9 Notwithstanding the statutory restriction, this court has previously held that it can review an award of attorneys' fees entered after a dismissal of a complaint without prejudice. *Callanan v. Sun Lakes Homeowners' Ass'n No. 1, Inc.,* 134 Ariz. 332, 337, 656 P.2d 621, 626 (App.1982); *see also Osuna v. Wal-*

3. An exception, not applicable here, exists if a statute of limitations bars a refiling of the action, or if the dismissal otherwise determines the action. *McMurray,* 220 Ariz. at 74, ¶ 4, 202 P.3d at 539 (citations omitted).

*Mart Stores, Inc.*, 214 Ariz. 286, 289, ¶ 10, 151 P.3d 1267, 1270 (App.2007) (acknowledging holding in *Callanan* ). In *Callanan,* the trial court dismissed a stockholder's derivative action without prejudice because the stockholder had failed to make a demand on the defendant corporation, or explain the futility of such an effort, as required by Arizona Rule of Civil Procedure 23.1. 134 Ariz. at 334, 656 P.2d at 623. The court then granted the defendant corporation its attorneys' fees, but did not indicate whether the fees were ordered pursuant to A.R.S. § 10–049(B)[4] or § 12–341.01. *Id.*

¶ 10 The stockholder did not challenge the dismissal, but did contest the award of attorneys' fees; thus, the fee award was the only issue on appeal. *Id.* This court determined that, although "a subsequent suit [would] not be barred by the doctrine of *res judicata,*" *id.* at 335, 656 P.2d at 624 (quoting *Elfenbein v. Gulf & W. Indus., Inc.*, 590 F.2d 445 (2d Cir.1978)), the dismissal was a final judgment for fee purposes because it terminated the action, and affirmed the fee award under § 10–049. *Id.* at 335–37, 656 P.2d at 624–26. Subsequently, in *Osuna,* and relying entirely on *Callanan,* we again stated that a voluntary dismissal without prejudice may be final with respect to attorneys' fees. 214 Ariz. at 289, ¶ 10, 151 P.3d at 1270 (citing *Callanan,* 134 Ariz. at 337, 656 P.2d at 626).[5] We now conclude that the holding in *Callanan* was wrong. Section 12–2101 provides no authority for this court to review an order awarding attorneys' fees made in conjunction with a dismissal of a complaint without prejudice.

■ ¶ 11 Although we cannot invoke our appellate jurisdiction to review an order awarding attorneys' fees entered with a dismissal without prejudice, we can invoke our special action jurisdiction to review a challenge to such an order. *See Villares v. Pineda,* 217 Ariz. 623, 624, ¶ 10, 177 P.3d 1195, 1196 (App.2008) (quoting Ariz. R.P. Spec. Act. 1) ("Special action jurisdiction is appro-

priate where there is no 'equally plain, speedy, and adequate remedy by appeal.' "). Here, and in the exercise of our discretion, we will treat KRI's appeal as a petition for special action and exercise our special action jurisdiction, because KRI does not otherwise have a remedy by appeal and justifiably relied on *Callanan* and *Osuna* in filing its notice of appeal. *See* A.R.S. § 12–120.21(A)(4) (West 2012) (court may assume special action jurisdiction "without regard to its appellate jurisdiction"); *Lloyd v. State Farm Mut. Auto. Ins. Co.*, 189 Ariz. 369, 375, 943 P.2d 729, 735 (App.1996) (citing *Brown v. State,* 117 Ariz. 476, 477, 573 P.2d 876, 877 (1978); *State v. Perez,* 172 Ariz. 290, 292, 836 P.2d 1000, 1002 (App.1992); and A.R.S. § 12–120.21(A)(4)).

### B. Dismissal

■ ¶ 12 KRI argues that the defendants are not entitled to any fees or costs because the trial court erred when it dismissed the amended complaint. The court determined that KRI's cause of action was premature because Aegis was continuing to negotiate to purchase Aero Jet. KRI, however, argued that its claims were not contingent on the failure to consummate the sale. Instead, KRI maintained that its claims accrued when the defendants failed to reveal that the purchase agreement used to solicit the investment had been terminated. We agree.

■ ¶ 13 Ordinarily, a cause of action accrues when "the plaintiff knows or should have known of both the *what* and *who* elements of causation." *Lawhon v. L.B.J. Institutional Supply, Inc.*, 159 Ariz. 179, 183, 765 P.2d 1003, 1007 (App.1988). The amended complaint alleges that the defendants engaged in fraud and negligent misrepresentation when they failed to disclose that the Aegis–Aero Jet purchase agreement had been terminated before KRI invested in Aegis. Although Evans was notified that Aero Jet had terminated the purchase agreement, neither Davis nor KRI were notified of that

---

4. Section 10–049, a permissive statutory basis for awarding either party to a derivative action attorneys' fees, was subsequently amended and renumbered as § 10–746. *See* 1994 Ariz. Sess. Laws, ch. 223, § 4 (2d Reg. Sess.).

5. The court in *Dream Catcher* similarly did not offer a statutory basis but supported its decision

to consider a fee award by noting that a defendant's ability to recover attorneys' fees should not be contingent on whether the plaintiff decides to refile or abandon the action. 220 Ariz. at 74, ¶ 5, 202 P.3d at 539 (citing *Callanan,* 134 Ariz. at 336–37, 656 P.2d at 625–26).

material fact before executing the subscription agreement. Thus, and despite the argument that Aegis and Aero Jet were still in discussions to consummate the purchase, KRI had alleged a viable cause of action. Consequently, the trial court erred when it dismissed the amended complaint for lack of ripeness.[6] It follows that the court further erred by awarding fees and costs against KRI.

¶ 14 For the foregoing reasons, we accept jurisdiction and grant relief to KRI by vacating the award of fees and costs to Evans and Aegis. Assuming the issue is properly raised, the superior court may award fees and costs expended in this case to the successful party in *Kool Radiators, Inc. v. Evans*, Maricopa County Cause No. CV 2011–005070 (filed March 14, 2011), which purportedly arises from the same circumstances as this lawsuit and asserts the same claim.

## CONCLUSION

¶ 15 Based on the foregoing, we accept special action jurisdiction and grant relief.

CONCURRING: ANN A. SCOTT TIMMER, and ANDREW W. GOULD, Judges.

---

**6.** "Ripeness is analogous to standing because the doctrine prevents a court from rendering a premature judgment or opinion on a situation that may never occur." *Town of Gilbert v. Maricopa County*, 213 Ariz. 241, 244–45, ¶ 8, 141 P.3d 416, 419–20 (App.2006) (quoting *Winkle v. City of Tucson*, 190 Ariz. 413, 415, 949 P.2d 502, 504 (1997)) (internal quotation marks omitted).