NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

AZ EUFORA PARTNERS I, LLC, a Delaware limited liability company;
THEODORE R. HUGHES and ROBERT J. RIZZI derivatively on behalf of
and for the benefit of EUFORA, LLC, an Arizona limited liability
company, *Plaintiffs/Appellants*,

*v.*

TOMMY CONSTANTINE, fna Tommy Hormovitis; MARK
D'AMBROSIO; MIA EDROZO and MANNY EDROZO, husband and
wife; BRENT NERGUIZIAN and JACQUELINE NERGUIZIAN, husband
and wife; and EUFORA CAPITAL III, LLC, a Delaware limited liability
company, *Defendants/Appellees*.

No. 1 CA-CV 11-0467
FILED 4-16-2015

Appeal from the Superior Court in Maricopa County
No. CV2010-028333
The Honorable J. Richard Gama, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED IN PART AND
DENIED IN PART**

COUNSEL

The Stolper Group, LLP, New York
By Michael Stolper
*Co-Counsel for Plaintiffs/Appellants*

Tommy Constantine
*Appellee*

James M. Mack, PLC, Phoenix
By James M. Mack
*Counsel for Defendant/Appellee Eufora Capital III, LLC*

Greenberg Traurig, LLP, Phoenix
By Brian J. Schulman
*Counsel for Defendants/Appellees Brent and Jacqueline Nerguizian*

Mandel Young PLC, Phoenix
By Taylor C. Young, Robert A. Mandel
*Attorneys for Defendants/Appellees Mark D'Ambrosio, Mia Edrozo, Manny Edrozo*

---

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

¶1        This case involves attempted derivative claims by Appellants that were dismissed by the superior court for failure to comply with statutory requirements for such claims. Appellants challenge the dismissal, the denial of a motion to amend their complaint and award of attorneys' fees against them. Treating the putative appeals as seeking special action relief, the court accepts jurisdiction and grants relief only to the extent that it vacates that portion of the order awarding Appellees $24,000 in flat fees. In all other respects, because Appellants have shown no error, the court denies relief.

### FACTS AND PROCEDURAL HISTORY

¶2        Appellants AZ Eufora Partners I, LLC (AZ Eufora), Theodore R. Hughes and Robert J. Rizzi brought this action in October 2010 against Appellees Eufora Capital III, LLC and Eufora, LLC (Eufora) and officers or managers Tommy Constantine, Mark D'Ambrosio, Mia Edrozo and Brent

Nerguizian.[1] The complaint alleges that Eufora is "an Arizona limited liability company in the pre-paid credit card business," that AZ Eufora was created "as a vehicle through which a group of current and professional NHL hockey players could invest in Eufora" and that Hughes and Rizzi are Eufora investors.

¶3        Purporting to sue "derivatively on behalf of and for the benefit of" Eufora pursuant to Arizona Revised Statutes (A.R.S.) section 29-831 (2015),[2] the complaint asserted various claims, including contract claims, against combinations of Appellees seeking redress for alleged economic harms to Eufora. Appellees moved to dismiss, arguing Appellants lacked standing and failed to comply with statutory requirements for filing a derivative action as to Eufora pursuant to A.R.S. §§ 29-831 to -833, and Arizona Rule of Civil Procedure (Rule) 23.1. After full briefing and oral argument, the superior court granted the motions to dismiss, stating at oral argument, that Appellants Hughes and Rizzi lacked standing and that Appellants failed to meet the statutory requirements of A.R.S. § 29-831 for their claims, all of which were derivative. The court added that allowing Appellants to file an amended complaint could not cure the defects that were fatal to their claims.[3] No final, appealable judgment was entered at that time.

¶4        The individual Appellees sought attorneys' fees and costs, which the court largely granted in a May 2011 appealable order issued pursuant to Rule 54(b).[4] Appellants filed a timely appeal from that May 2011 appealable order.

---

[1] The complaint also listed relevant spouses for Appellees for community property purposes.

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

[3] When asked by counsel for Appellants whether the ruling was "without prejudice . . . to refile a new complaint," the court responded "I'm just dealing with the complaint as it currently stands, counsel. That's absolutely correct."

[4] Nerguizian appears correct in claiming his request for attorneys' fees and costs incurred in the superior court was not ruled on at that time "or any time thereafter." Because that request was not resolved by the superior

¶5            In June 2011, Appellants moved for leave to amend the complaint. At that same time, Appellants lodged a proposed form of judgment that granted Appellees' motions to dismiss, denied Appellants' motion for leave to amend the complaint and declared the judgment was appealable pursuant to Rule 54(b). The superior court signed and entered the judgment as submitted in July 2011 and Appellants then filed a timely appeal from that partial judgment.

¶6            Appellees filed a timely motion for relief from the July 2011 partial judgment, which the superior court denied in a November 2011 appealable order issued pursuant to Rule 54(b). Appellants filed a timely appeal from the November 2011 appealable order and this court consolidated the appeals.

## DISCUSSION

### I.       Appellate Jurisdiction.

¶7            This court has an independent duty to determine whether it has appellate jurisdiction. *Sorensen v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465, 957 P.2d 1007, 1008 (App. 1997). This court "may resolve only those appeals authorized by statute." *Kool Radiators, Inc. v. Evans*, 229 Ariz. 532, 534 ¶ 8, 278 P.3d 310, 312 (App. 2012).

¶8            Appellants claim that in granting Appellees' motions to dismiss, the superior court dismissed their claims without prejudice. Appellees take various positions on the point, with Nerguizian agreeing dismissal was without prejudice; Eufora not addressing the issue; Constantine adopting the answering briefs of Nerguizian and Eufora; and D'Ambrosio and Edroza arguing that it may, or may not, be without prejudice.

¶9            As a general rule, a dismissal without prejudice is not appealable. *Id.* (citing cases). Similarly, an award of attorneys' fees and costs in a case dismissed without prejudice generally is not appealable. *Id.* at 535 ¶¶ 10–11, 278 P.3d at 313 (citing cases). To the extent the dismissal here was without prejudice, however, this court can invoke special action jurisdiction to review a timely challenge to such an order. *See id.* at 535 ¶ 11, 278 P.3d at 313. As applied, in exercising the court's discretion, given that the issues presented are ones of law and in the interest of economy of resources, *see*

---

court, it is not the subject of a judgment under either Rule 54(b) or 54(c) and is not a part of this appeal.

Rule 1, the court will treat Appellants' timely putative appeals as a petition for special action and exercise special action jurisdiction, *see Evans*, 229 Ariz. at 535 ¶ 11, 278 P.3d at 313; *see also* A.R.S. § 12-120.21(A)(4) (court may assume special action jurisdiction "without regard to its appellate jurisdiction").[5]

## II. The Court Did Not Err In Dismissing The Complaint.

**¶10** Appellants argue the superior court erred in dismissing the complaint because they had standing and properly alleged the statutory requirements of a derivative action—issues this court reviews de novo. *See Coleman v. City of Mesa*, 230 Ariz. 352, 355–56 ¶ 7, 284 P.3d 863, 866–67 (2012). The record shows that Appellants Hughes and Rizzi lacked standing and that Appellants failed to plead and prove that they satisfied the statutory conditions for bringing a derivative action on behalf of an Arizona LLC set forth in A.R.S. § 29-831.

**¶11** To bring a derivative action on behalf of an LLC, one must be a member: (1) at the time the action is brought and (2) "at the time of the transaction of which he complains or his status as a member . . . devolved on him pursuant to the terms of an operating agreement from a person who was a member at such time." A.R.S. § 29-831(4). Appellants Hughes and Rizzi were not members of the LLC at the time the action was brought or at the times of the transactions for which they are seeking relief. Under A.R.S. § 29-731, the members of an LLC must be listed in either the company's articles of organization, or in its operating agreement at the time of formation or admitted as an additional member. The superior court considered, without objection, Eufora's articles of organization and operating agreement. *See Strategic Dev. and Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 63 ¶ 10, 226 P.3d 1046, 1049 (App. 2010). Appellants Hughes and Rizzi were not listed in Eufora's articles of organization or in its operating agreement, and do not meet the statutory definition of a member under A.R.S. § 29-731.

**¶12** Although Appellants argue they submitted affidavits with supporting documentation that established and reaffirmed that Hughes and Rizzi were members of Eufora, Hughes and Rizzi were never added to Eufora's operating agreement as members. While the affidavits show that

---

[5] For purposes of special action jurisdiction, the court assumes, without deciding, that the superior court's dismissals were without prejudice, an issue that this court need not definitively resolve.

Hughes and Rizzi invested in Eufora and may have thought they were members, it does not show they were members in a way that complies with the requirements of A.R.S. § 29-731. Accordingly, the superior court properly concluded Appellants Hughes and Rizzi lacked standing. *See* A.R.S. § 29-831(4).

**¶13** As to all Appellants, before a member of an Arizona LLC may bring a derivative action, it must show that *all* of the conditions in A.R.S. § 29-831 have been met.[6] Appellants' complaint failed to allege that they made demands "on the manager or those members with such authority requesting that the manager or the members cause the limited liability company to sue in its own right." A.R.S. § 29-831(2). This alone is enough to establish that Appellants would not be entitled to relief under any set of facts susceptible of proof. *See* A.R.S. § 29-831 (requiring "all" five conditions to be met for a proper derivative action); Ariz. R. Civ. P. 12(b)(6).

**¶14** Appellants claim Section E of the Complaint, titled "Constantine's Unlawful Responses," meets the demand requirement of A.R.S. § 29-831(2). However, Section E only alleges efforts aimed at getting Constantine and others "to address and remedy their wrongdoings" and additional requests for documents regarding loan transactions. Nowhere is there any allegation that any demand was made on the manager or members with authority that they cause Eufora "to sue in its own right." A.R.S. § 29-831(2). Appellants have not shown that the superior court erred

---

[6] For a member to bring a derivative action on behalf of an Arizona LLC, five requirements must be met: (1) management of the LLC "is vested in a manager or managers who have the sole authority to cause" the LLC to sue in its own right, or management "is reserved to the members and the plaintiff does not have the authority to cause" the LLC to sue in its own right; (2) the member has demanded the managers or members with such authority cause the LLC to sue in its own right; (3) "the members or managers with such authority have wrongfully refused to bring the action," or "failed to respond to the demand;" (4) the member is a member at the time the action is brought and was a member "at the time of the transaction of which he complains," or his status as a member "devolved on him pursuant to the terms of an operating agreement from a person who was a member at such time;" and (5) "the member fairly and adequately represents the interests of the members" in enforcing the right of the LLC. *See* A.R.S. § 29-831.

in determining that the allegations in the Complaint failed to satisfy this statutorily-mandated, express demand requirement.

¶15            Appellants argue alternatively that Rule 23.1 imports a futility exception to the demand requirement. The statutory demand requirement in A.R.S. § 29-831(2), however, is clear and unambiguous and contains no futility exception. *See Albers v. Edelson Tech. Partners, L.P.*, 201 Ariz. 47, 55 ¶33, 31 P.3d 821, 829 (App. 2001) (noting A.R.S. § 10-742, which contains a demand requirement in a different context but no express futility exception, "is clear and admits of no exception. It requires a pre-suit demand.") (citation omitted); *Home Builders Ass'n of Cent. Ariz. v. City of Scottsdale*, 187 Ariz. 479, 483, 930 P.2d 993, 997 (1997) ("Where the language of a statute is clear and unambiguous, courts are not warranted in reading into the law words the legislature did not choose to include.") (citation omitted). Nor have Appellants shown how Rule 23.1 could be read to support a futility exception when A.R.S. § 29-831(2) does not. Because there is no futility exception to the demand requirement for LLC derivative suits under Arizona law, the superior court did not err in dismissing Appellants' derivative claims.[7]

### III.    The Court Did Not Abuse Its Discretion In Denying Appellants' Motion For Leave To Amend The Complaint.

¶16            Appellants argue the superior court erred in denying their motion for leave to amend their complaint, summarily claiming the purported amendments "were prompt, offered in good faith and anything but futile." "Leave to amend shall be freely given when justice requires." Ariz. R. Civ. P. 15(a). However, if a proposed amendment would be futile, a trial court does not abuse its discretion in denying a motion to amend. *Bishop v. State Dep't of Corr.*, 172 Ariz. 472, 474–75, 837 P.2d 1207, 1209–10 (App. 1992). This court reviews the denial of leave to amend a complaint for an abuse of discretion. *Dewey v. Arnold*, 159 Ariz. 65, 68, 764 P.2d 1124, 1127 (App. 1988).

¶17            Although claiming to have made a "prompt" request to amend, in fact, Appellants waited more than four months after the superior court dismissed their claims until they sought leave to amend. Indeed, by the time they sought leave to amend, Appellants had already appealed

---

[7] Given this conclusion, the court need not address Appellees' argument that AZ Eufora, a Delaware LLC, could not maintain the lawsuit because it was not registered to transact business in Arizona at the time the lawsuit was filed. *See* A.R.S. § 29-809(A).

from the court's grant of attorneys' fees resulting from the order dismissing their claims. Accordingly, it is far from clear that the superior court would have had jurisdiction to grant their requested amendment. *See State v. O'Connor*, 171 Ariz. 19, 22, 827 P.2d 480, 483 (App. 1992) ("[A] trial court retains jurisdiction to act so long as that act cannot negate the decision in a pending appeal or frustrate the appeal process."). But presuming the putative appeal did not divest the superior court's jurisdiction, *see supra* ¶¶ 7–9, the superior court did not abuse its discretion in denying Appellants' motion for leave to amend.

**¶18**        As noted above, under Arizona law, a member may bring a derivative suit against an LLC only if, among other requirements, the member "has made demand" on the manager to cause the LLC to sue in its own right, A.R.S. § 29-831(2), and the manager has "wrongfully refused" to bring suit or has failed to respond to the demand "after adequate time to consider the demand," A.R.S. § 29-831(3). Here, the putative amendment offered by Appellants was that they had sent Appellees a demand letter "after receiving" a motion to dismiss after filing the original complaint. A demand letter written after the initial filing of the derivative suit could not cure the deficiencies in their pleadings. "Because these requirements—written in the past tense—exist to give the manager the opportunity to consider the demand letter and to bring a lawsuit in the LLC's own right before the member may file a derivative suit, a letter written after the lawsuit has been filed does not satisfy the statute." *Rose Goodyear Props., LLC v. NBA Enters. Ltd. P'ship*, 235 Ariz. 339, 345 ¶ 24, 332 P.3d 86, 92 (App. 2014) (holding sending letter after suit had been filed could not satisfy A.R.S. § 29-831(2) demand requirement and did not cure failure to present proper demand) (citation omitted). Thus, even assuming the superior court had jurisdiction to grant Appellants' motion for leave to amend their complaint, the court did not abuse its discretion in denying that motion.

## IV.    The Award Of Attorneys' Fees.

**¶19**          Appellants argue the award of attorneys' fees is without any legal basis and violated Arizona law. Appellees (other than Eufora Capital III, LLC) requested attorneys' fees and costs under A.R.S. §§ 29-833(B), 12-341 and -341.01. Under A.R.S. § 12-341.01, a court may award attorneys' fees to the successful party in an action arising out of contract. Fee awards under A.R.S. § 12-341.01(A) are permissive and, for a successful party where the statute applies, the superior court has broad discretion in making an award of fees. *See State Farm Mut. Auto. Ins. Co. v. Arrington*, 192 Ariz. 255, 261 ¶ 27, 963 P.2d 334, 340 (App. 1998). As long as the record reflects a reasonable basis for the award, it will be upheld. *Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 267 ¶ 25, 99 P.3d 1030, 1037 (App. 2004). This court reviews the fees awarded by a superior court for an abuse of discretion. *Cohen v. Frey*, 215 Ariz. 62, 68 ¶ 18, 157 P.3d 482, 488 (App. 2007).

**¶20**          There is no genuine dispute that this case arises out of contract under A.R.S. § 12-341.01. Indeed, Appellants' complaint asserts breach of contract and covenant of good faith and fair dealing claims arising out of the operating agreement. Similarly, by successfully moving to dismiss all claims against them, Appellees are the successful parties. *See, e.g.*, *Britt v. Steffen*, 220 Ariz. 265, 267 ¶ 9, 205 P.3d 357, 359 (App. 2008) (noting when "an action has been dismissed without prejudice, the defendant is still considered a 'successful party' for purposes of A.R.S. § 12-341.01(A) even though such a dismissal does not operate as an adjudication upon the merits") (citations omitted). Thus, the superior court had broad discretion to award fees under A.R.S. § 12-341.01.

**¶21**          Appellants argue that none of the factors listed in *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985) favor a fee award here. In pressing this argument on appeal, however, Appellants provide no factual or legal support. Moreover, on the record before it, Appellants have not shown that the superior court abused its discretion in applying the *Warner* factors, including assessing Appellants' claims and the need for pre-litigation demand, that Appellees prevailed on all claims and that the legal issues that caused Appellants' claims to fail were not novel and had been addressed in published decisions. *See* 143 Ariz. at 570, 694 P.2d at 1184. Similarly, Appellants made no factual showing that a fee award would cause them "an extreme hardship." *See id.*

¶22          Appellants also have not shown that the superior court abused its discretion in the fees it awarded for hourly-based services provided by counsel for Appellees. Appellees provided the superior court a reasonable basis for the fees requested and appropriate support for their request. *See generally Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 673 P.2d 927 (App. 1983). Contrary to Appellants' argument that fees could only be awarded for the motion on which the Appellees prevailed, the prevailing party is "'entitled to recover a reasonable attorney's fee for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest in the pursuit'" of the litigation. *Id.* at 188, 673 P.2d at 932 (citation omitted). Contrary to Appellants' argument that fees could not be awarded for time spent on unsuccessful motion practice, "where a party has accomplished the result sought in the litigation, fees should be awarded for time spent even on unsuccessful legal theories." *Id.* at 189, 673 P.2d at 933.

¶23          Finally, Appellants argue that Appellees failed to provide sufficient detail in their affidavit to support the superior court's award of flat-fee retainer fees. Such arrangements are authorized under Arizona law. *See In re Hirschfeld*, 192 Ariz. 40, 43 ¶ 17, 960 P.2d 640, 643 (1998). Still, "each situation must be carefully examined on its own facts for reasonableness." *Id.* Appellants are correct that in order to successfully obtain a fee award, the party seeking fees must provide a sufficient description or breakdown of "the work actually performed by the lawyer." *China Doll*, 138 Ariz. at 187, 673 P.2d at 931. This level of detail enables the court to assess the reasonableness of the work performed. The record does not indicate that Appellees' application for attorneys' fees provided sufficient detail to satisfy this requirement. Accordingly, the portion of the order awarding Appellees a total of $24,000 in flat fees is vacated. *See Geller v. Lesk*, 230 Ariz. 624, 630 ¶¶ 19–20, 285 P.3d 972, 978 (App. 2012) (vacating fee award where requesting party failed to make a prima facie showing of reasonableness). In all other respects, Appellants have not shown that the superior court misapplied Arizona law or abused its discretion in awarding Appellees attorneys' fees pursuant to A.R.S. § 12-341.01.[8]

---

[8] Given this determination, the court does not address the other bases cited by Appellees in seeking an award of attorneys' fees.

## V.     Attorneys' Fees And Costs On Appeal.

**¶24**        Appellees Nerguizian, D'Ambrosio and Edrozo request their attorneys' fees on appeal under A.R.S. § 12–341.01(A). Because they are successful parties on appeal, in the exercise of the court's discretion, Appellees Nerguizian, D'Ambrosio and Edrozo are awarded their reasonable attorneys' fees on appeal pursuant to A.R.S. § 12-341.01 contingent on their compliance with Arizona Rule of Civil Appellate Procedure (ARCAP) 21. In addition, Appellees are awarded their taxable costs contingent on their compliance with ARCAP 21.

### CONCLUSION

**¶25**        The court accepts jurisdiction and grants relief only to the extent that it vacates that portion of the order awarding Appellees a total of $24,000 in flat fees. In all other respects, because Appellants have shown no error, the court denies relief.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama