NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

OTIS MAGEE, JR., *Appellant*.

No. 1 CA-CR 15-0125
FILED 2-11-2016

Appeal from the Superior Court in Maricopa County
No. CR2011-113640-001
The Honorable Joseph C. Kreamer, Judge

**APPEAL DISMISSED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Patricia K. Norris joined.

---

**P O R T L E Y**, Judge:

**¶1**        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969).  Counsel for Defendant Otis Magee, Jr., has filed an opening brief advising us that he has searched the entire record and has been unable to discover any arguable questions of law, and asks us to conduct an *Anders* review of the record.  Magee did not file a supplemental brief.  Because Magee cannot appeal from a guilty plea, we dismiss the appeal.

### FACTS

**¶2**        Magee pled guilty to contributing to the delinquency of a minor, a misdemeanor, and was placed on three years' probation.  The trial court, however, delayed resolving whether Magee would have to register as a sex offender under the terms of the plea agreement.  After this court resolved whether the trial court had jurisdiction to impose the registration term,[1] the trial court ordered that Magee had to register as a sex offender.  He then filed this appeal.

### DISCUSSION

**¶3**        Magee contends that we have jurisdiction under Arizona Revised Statutes ("A.R.S.") sections 13-4031 and -4033, as well as 12-120.21(A)(1).[2]  We independently review whether we have jurisdiction because appellate jurisdiction is limited by statute.  *Kool Radiators, Inc. v. Evans*, 229 Ariz. 532, 534, ¶ 8, 278 P.3d 310, 312 (App. 2012) (citation omitted).

---

[1] In *State v. Kreamer (Magee)*, 1 CA-SA 14-0196 (Ariz. App. Dec. 9, 2014) (mem. decision) (review denied June 11, 2015), we found that the trial court had jurisdiction to determine whether to impose the registration requirements.

[2] We cite the current version of the applicable statutes absent changes material to this decision.

¶4  Section 13-4031 provides that the State or any party to a prosecution by indictment, information, or complaint may appeal as stated by law. Section 13-4033 provides that a defendant can appeal a final judgment, an order denying a motion for new trial, or an "order made after judgment affecting the substantial rights of the [defendant]." A.R.S. § 13-4033(A). Section 13-4033(B), however, states that in a "noncapital case[] a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement." A.R.S. § 13-4033(B); *see also* Ariz. R. Crim. P. 17.1(e); *State v. Celaya*, 213 Ariz. 282, 282-83, ¶ 3, 141 P.3d 762, 762-63 (App. 2006).

¶5  Here, Magee pled guilty to the misdemeanor. The plea agreement stated that "[p]robation is available." The agreement also gave the court discretion to order him to register as a sex offender. The court ultimately exercised its discretion and entered the order, as contemplated by the plea agreement. Accordingly, the registration term was covered by the plea agreement, and § 13-4033(B) specifically precludes an appeal from a plea agreement. Accordingly, we do not have jurisdiction over this *Anders* appeal.[3]

## CONCLUSION

¶6  We dismiss this appeal.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[3] Any challenge to the plea proceedings or the terms of probation must be made by petition for post-conviction relief pursuant to Rule 32. Ariz. R. Crim. P. 17.1(e).