NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STEVE J. LONGARIELLO, *Plaintiff/Appellant*,

*v.*

AURA AT MIDTOWN/ALLIANCE RESIDENTIAL, LLC,
*Defendant/Appellee.*

No. 1 CA-CV 15-0027
FILED 2-23-2016

Appeal from the Superior Court in Maricopa County
No. CV2014-000205
The Honorable Benjamin E. Vatz, Commissioner (Retired)

**AFFIRMED**

COUNSEL

Steve J. Longariello, Phoenix
*Plaintiff/Appellant*

Law Offices of Scott M. Clark PC, Phoenix
By Christopher R. Walker
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Maurice Portley joined.

---

**N O R R I S**, Judge:

¶1        Appellant Steve J. Longariello ("Longariello") challenges the superior court's dismissal of his complaint against Appellant Aura at Midtown/Alliance Residential, LLC ("Alliance"), arguing it improperly found he had failed to complete proper service on Alliance. We reject this argument and affirm the superior court's dismissal of his complaint.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Longariello's claims against Alliance began when, in a justice court proceeding, Alliance sought to evict him from his apartment for failure to pay rent. Longariello counterclaimed against Alliance seeking, among other things, a full refund of all rent paid after December 1, 2005, and punitive damages. The justice court entered judgment for Alliance and struck Longariello's counterclaim.

¶3        Longariello then filed a complaint in superior court against "Aura at Midtown/Alliance Residential" seeking to overturn the justice court's judgment, reinstate his counterclaim, and recover personal property he alleged was still in the apartment. Longariello served his complaint on the apartment complex's business manager. Alliance specially appeared to contest service of process, arguing that the business manager lacked authority to accept service under Arizona Rule of Civil Procedure 4.1(i). The superior court granted Alliance's motion and struck the Sheriff's declaration of service. Longariello then moved for entry of default judgment against Alliance, which the superior court struck.

¶4        After the 120-day period to complete service under Rule 4(i) expired, Alliance moved to dismiss for failure to serve. Ariz. R. Civ. P. 12(b)(5). The superior court granted Alliance's motion. Longariello filed additional motions to obtain a default judgment against Alliance. The superior court denied these motions and eventually dismissed Longariello's complaint without prejudice for failure to serve.

## JURISDICTION

**¶5**      We have an independent duty to determine whether we have jurisdiction over an appeal. *Baker v. Bradley*, 231 Ariz. 475, 478, ¶ 8, 296 P.3d 1011, 1014 (App. 2013). An order of dismissal without prejudice is generally not appealable unless the statute of limitations would prevent refiling the claim or the dismissal otherwise determines the action. *Kool Radiators, Inc. v. Evans*, 229 Ariz. 532, 534 n.3, ¶ 8, 278 P.3d 310, 312 n.3 (App. 2012); *see also* Ariz. Rev. Stat. ("A.R.S.") § 12-2101(A)(3) (Supp. 2015) (orders "affecting a substantial right made in any action when the order in effect determines the action and prevents judgment from which an appeal might be taken" are appealable).

**¶6**      Reading Longariello's complaint liberally, he alleged two claims: breach of an oral lease and conversion of his personal property. The limitations period is three years for breach of an oral contract and two years for conversion. A.R.S. §§ 12-543(1) (2003), 12-542(5) (2003). The justice court entered judgment against Longariello on December 24, 2013. The statute of limitations therefore has run on Longariello's conversion claim, and we have jurisdiction over this appeal. A.R.S. § 12-2101(A)(1).

## DISCUSSION

I.      Longariello Did Not Establish Proper Service on Alliance.

**¶7**      Longariello argues the superior court improperly found he had failed to serve Alliance. Rule 4.1(i) requires "delivering a copy of the summons and of the pleading to a partner, an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Proper service of process is necessary for the court to have jurisdiction over a defendant. *Koven v. Saberdyne Sys., Inc.*, 128 Ariz. 318, 321, 625 P.2d 907, 910 (App. 1980).

**¶8**      Alliance presented affidavit evidence establishing the business manager was not authorized to accept service. Longariello offered no evidence to refute that evidence. Accordingly, on this record, the superior court did not improperly strike the declaration of service. It also properly dismissed Longariello's complaint without prejudice when he

failed to complete service within the 120-day period.[1] Ariz. R. Civ. P. 4(i); 4.1(i).

## II. Longariello Was Not Entitled to a Default Judgment.

**¶9** Longariello also contends the superior court should not have denied his applications for default judgment, but does little more on appeal than point to the applications themselves. Because he has failed to develop this argument, we conclude he has waived this issue. *Polanco v. Indus. Comm'n of Ariz.*, 214 Ariz. 489, 491 n.2, ¶ 6, 154 P.3d 391, 393 n.2 (App. 2007). In any event, Longariello was not entitled to a default judgment given he had failed to serve Alliance.

**¶10** Longariello also argues we should consider a hearing transcript concerning one of his default judgment applications. It is unclear what Longariello believes the transcript would establish. Nevertheless, Longariello did not include the transcript in the record on appeal, although it was his responsibility to do so.[2] ARCAP 11(c)(1)(A), (B). We therefore presume the transcript would have supported the superior court's rulings. *Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764, 767 (App. 1995).[3]

---

[1]We also reject Longariello's argument that he did not receive Alliance's motion contesting service. The motion included a mailing certificate listing the same address Longariello had listed on his complaint, and service is complete upon mailing. Ariz. R. Civ. P. 5(c)(2)(C). Although Longariello argued in the superior court that he had not received the motion, he presented no evidence supporting that argument.

[2]Longariello applied to the superior court for a waiver or deferral of transcript preparation fees in December 2014. The superior court did not rule on Longariello's application. Longariello had more than a year in which to petition the superior court for a ruling on his application while this appeal was pending. He did not do so. We therefore presume the superior court denied his application. *Cf. State v. Hill*, 174 Ariz. 313, 323, 848 P.2d 1375, 1385 (1993) ("A motion that is not ruled on is deemed denied by operation of law.").

[3]Longariello also argues the superior court was prejudiced against him. We reject this argument. The record does not reflect any prejudice. *In re Aubuchon*, 233 Ariz. 62, 66, ¶ 14, 309 P.3d 886, 890 (2013) ("We presume that a judge is impartial, and 'the party seeking recusal must

**CONCLUSION**

**¶11** We affirm the superior court's order of dismissal. We award Alliance its costs incurred on appeal contingent upon its compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

prove bias or prejudice by a preponderance of the evidence.'" (Citation omitted)).