NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:
DOUGLAS J. HOFFMANN, *Petitioner/Appellee,*

*v.*

CHRISTINE R. HOFFMANN, *Respondent/Appellant.*

No. 1 CA-CV 16-0358 FC
FILED 3-21-2017

Appeal from the Superior Court in Maricopa County
No. FC2010-052553
The Honorable Jeanne M. Garcia, Judge

**AFFIRMED**

COUNSEL

Michael J. Shew, Ltd, Phoenix
By Michael J. Shew
*Counsel for Respondent/Appellant*

Karla L. Calahan, Scottsdale
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco[1] delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Randall M. Howe joined.

---

**O R O Z C O**, Judge:

**¶1**        Christine Hoffman (Mother) appeals the family court's ruling denying her post-decree petition to modify parenting time and legal decision-making for her two minor children.  For the following reasons, we affirm.

## BACKGROUND

**¶2**        Mother and Douglas Hoffman (Father) were married in November 2007 and have two minor children (born in 2001 and 2003).  After three years of marriage, in November 2010, the family court issued a decree of dissolution of marriage and a parenting plan awarding the parties joint decision-making and legal custody of the children, designating Mother as the primary physical custodian, and giving Father substantial parenting time.

**¶3**        On May 23, 2014, Mother petitioned to modify legal decision-making and parenting time.  The petition alleged that on April 28, 2014, Father had "tried to commit suicide," "sent an email to [the] children saying goodbye," and left a suicide note to his parents and sister.  The petition further recounted that Mother and the children had been leaving their home on that day when they were met by Father "brandishing [a] weapon and telling them he will see [them] in heaven."  Mother alleged that this incident resulted in the police chasing and arresting Father on DUI and felony flight charges.  Mother's petition also alleged that Father had been stalking her and her friends.  The petition requested that the court revoke Father's parenting time and award Mother full decision-making authority and child support.

---

[1]        The Honorable Patricia A. Orozco, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

¶4        On May 29, 2014, the court issued an emergency order granting Mother sole decision-making authority and sole physical custody "with no parenting time to [Father] until further order of the court."  On June 9, 2014, the court held a return hearing regarding temporary orders. Following the hearing, the court ordered Father to have supervised parenting time until such time as the court received the police reports from the April 28 incident and an "updated psychologist report" stating that Father is not a danger to himself or others.  The order also set an evidentiary hearing as well as directed Mother to participate in alcohol testing and a lifestyle assessment at TASC.

¶5        The court held a three-day evidentiary hearing on Mother's petition to modify on October 27, 2014, and March 11 and 12, 2015.  On May 12, 2015, the court entered an unsigned minute denying Mother's petition and making findings of fact under Arizona Revised Statutes (A.R.S.) section 25-403.[2]  On June 16, 2015, Mother lodged a proposed form of judgment, seeking the entry of an appealable final judgment.  On June 29, 2015, as supplemented on July 2, 2015, Mother moved for "reconsideration and/or clarification" of the ruling on the petition to modify.  On May 3, 2016, the court entered a signed ruling denying Mother's May 23, 2014 petition to modify.

¶6        The court filed an unsigned minute entry addressing Mother's motion for reconsideration on May 4, 2016.  After Mother lodged a proposed order for the purposes of seeking appellate review, the court issued a signed order on June 7, 2016 reflecting that same relief.  The June 7 order denied Mother's motion to reconsider, but made several clarifications of and modifications to its findings in its May 12, 2015 minute entry. Mother filed a notice of appeal on May 18, 2016, and a supplemental notice of appeal on June 16, 2016.

## DISCUSSION

### I.    Jurisdiction

¶7        Father challenges our jurisdiction to hear this appeal.  Because the issue of jurisdiction is a threshold matter, we are obligated to address Father's argument first.  *See Kool Radiators, Inc. v. Evans*, 229 Ariz. 532, 534, ¶ 8 (App. 2012). Father asserts "this court has no subject matter jurisdiction of this appeal because the [court's order on Mother's motion for

---

[2]        Absent material change since the date of the events, we cite to the current version of statutes.

reconsideration] is not in final or appealable form." Father has not shown this court lacks appellate jurisdiction.

¶8            The family court filed its signed, appealable ruling on Mother's petition to modify on May 3, 2016. Mother then filed a timely notice of appeal from that order on May 15, 2016. *See* ARCAP 9(a) (stating "a party must file a notice of appeal . . . no later than 30 days after entry of the judgment from which the appeal is taken"). This notice of appeal included reference to the unsigned "minute entry filed on May 4, 2016 denying [Mother's] Motion for Reconsideration and/or Clarification." On June 7, 2016, the court filed a signed order denying Mother's motion for reconsideration. Arizona Rule of Civil Appellate Procedure 9(c) provides:

> A notice of appeal . . . filed after the superior court announces an order or other form of decision — but before entry of the resulting judgment that will be appealable — is treated as filed on the date of, and after the entry of, the judgment.

¶9            Therefore, Mother's appeal of the court's denial of her motion for reconsideration is considered filed on June 7, 2016, the same day as the final ruling on the motion, and is therefore timely. Mother then filed a "supplemental notice of appeal" on June 16, 2016, following the issuance of the June 7, 2016 signed order, to ensure that this court had appellate jurisdiction over all issues she wished to press. Thus, even if Mother's appeal had been premature, it would have been cured by her supplemental notice of appeal. *See Engel v. Landman*, 221 Ariz. 504, 510, ¶ 16 (App. 2009) (finding no jurisdiction over premature notice of appeal when not cured by supplemental notice of appeal). Mother's appeal was therefore timely and we have jurisdiction over this matter pursuant to A.R.S. § 12–2101.A.

## II.    The Court's Statutory Findings and Orders

¶10            Mother challenges the sufficiency of the evidence supporting the court's statutory findings of fact. Section 25-403 states the court must make decisions regarding "legal decision-making and parenting time . . . in accordance with the best interests of the child." The statute provides a list of nonexclusive factors "relevant to the child's physical and emotional well-being" that the court must consider in making its determination. *See id.* Under sections 25-403.03 and -403.04, respectively, the court must also consider whether any acts of domestic violence or any substance abuse issues have occurred that would affect the best interests of the child.

¶11            We will not overturn the family court's findings and order absent an abuse of discretion. *In re Marriage of Diezsi*, 201 Ariz. 524, 525, ¶

3 (App. 2002). We view the evidence in the light most favorable to sustaining the family court's decision and will uphold the court's ruling if reasonable evidence in the record supports the court's findings. *Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 17 (App. 2015). Because the "family court is in the best position to judge the credibility of witnesses and resolve conflicting evidence," we defer to its determinations on the credibility of witnesses. *Id.* at ¶ 18.

¶12 Mother argues the family court's findings regarding the factors in sections 25-403.A.4.-6., and 8., and sections 25-403.03 and -403.04 constitute an abuse of discretion. Mother, however, has shown no such error. Mother cites *Reid v. Reid*, 222 Ariz. 204 (App. 2009) to support her argument that the court's findings here were inadequate. In *Reid*, the superior court simply stated its decision was in the children's best interests, but provided "no explanation" for its conclusion. *Id.* at 207, ¶ 13. Such is not the case here, as the court addressed each statutory factor and explained that it could not "award either parent sole legal decision-making authority" when the court had concerns with both parents. The court further explained that Mother "may still have an alcohol problem" and Father has mental health issues that they each need to address. The court then concluded "Father poses no threat to the girls" and "they miss seeing their father."

¶13 After reviewing the record, including the Child Interview Report, which was filed with the court before the hearing, supports the court's findings of fact as to the factors stated under A.R.S. §§ 25-403.A.4. (wishes of the child) and .6 (which parent is more likely to allow contact with the other parent). Mother asserts the court erred in relying on the report because it was not entered into evidence at the evidentiary hearing. The court, however, ordered the Child Interview Report and its June 16, 2014 temporary order stated that it anticipated the report would assist the court in its assessment of the best interests factors in section 25-403. *See* Ariz. R. Fam. Law P. (ARFLP) 2.B.3.b. ("Any report, document, or standardized form required to be submitted to the court for the current hearing or trial may be considered as evidence if either filed with the court or admitted into evidence by the court."). The court acknowledged that it would consider the report during the hearing when it stated: "It's a part of the record because it is something the court ordered." Mother did not object to this statement, nor did she object when Father's counsel questioned Mother about the report during the hearing without moving it into evidence.

¶14          Mother also asserts the court should not have relied on the report because the parties did not receive a recording of the interview pursuant to ARFLP 12.  However, Mother does not argue, and we do not find in the record, that Mother ever requested a copy of a recording of the interview, nor did she dispute any of the children's statements recorded in the Child Interview Report or discussed at the hearing.  Further, as noted above, Mother did not object to the contents of the report being discussed during the hearing, or the court's statement indicating it would consider the report.  Mother has therefore waived this argument on appeal.  *See Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994) ("[A]bsent extraordinary circumstances, errors not raised in the trial court cannot be raised on appeal.").

¶15          Mother also challenges the court's findings regarding domestic violence, under § 25-403.03.  In its initial ruling on the petition to modify, the court found there were "no alleged acts of domestic violence" asserted.  However, in its ruling on the motion for reconsideration, the court modified this finding, stating:

> Both parents assert domestic violence by the other parent. While Mother asserts more acts than Father, Father testified that police removed Mother from the house in handcuffs after she was aggressive with him.  The children reported hearing their parents yell, but saw no physical fighting.  The Court concludes that both parents have committed domestic violence.

¶16          Father's testimony at the hearing supports this finding.  The Child Interview Report also supports the court's finding, as the children both recounted hearing their parents argue in the past.  The children also stated the police were called on many of these occasions, "sometimes" by Mother and "sometimes" by Father.

¶17          Mother also asserts that the court should have considered evidence of events that occurred after the hearing on her petition to modify, such as Father's notice of change of address showing he has moved to California, his plea of guilty to a charge of Interfering with Judicial Proceedings on May 7, 2015, and his subsequent plea in September 2016 to charges related to the April 28, 2014 incident.  The alleged facts that Mother raises, however, were not part of the record before the family court at the time of the hearing.  Thus, the court properly did not consider them in its decision on the motion for reconsideration and we may not consider them here.  *See* ARFLP 84(A) (listing grounds for motion for reconsideration,

including that "[t]he court did not properly consider or weigh all of the *admitted evidence*") (emphasis added); *see also Ness v. W. Sec. Life Ins. Co.*, 174 Ariz. 497, 500 (App. 1992) (stating an appellate court cannot consider evidence outside the trial court record).

¶18        Finally, Mother contends the court erred in finding that she "abused alcohol," when it considered the factors under section 25-403.04. The evidence of record, including Mother's own testimony at the hearing, is sufficient to support the court's finding and we reject Mother's invitation to re-weigh the evidence on appeal. *See Cauble v. Osselaer*, 150 Ariz. 256, 258 (App. 1986) ("Where a factual determination within the trial court's discretion is challenged on appeal, we cannot reweigh the evidence and substitute our own evaluation of it.").

¶19        Mother argues that the court has no authority to order her to participate in alcohol testing or a lifestyle assessment through TASC. Under A.R.S. § 25-411.J., the family court may exercise its power to award or restrict parenting time when "it finds that the parenting time would endanger seriously the child's physical, mental, moral or emotional health." Further, § 25-403.04.B.3. provides that in considering whether a parent has abused drugs or alcohol, the court "shall consider evidence" including the "[r]esults of alcohol or drug screening provided by a facility approved by the department of health services." Here, in spite of two tests by Mother which were negative for alcohol, the court found Mother "may still have an alcohol problem." Therefore, the court is within its discretion to consider Mother's participation in alcohol testing and services and to condition her enjoyment of parenting time on its order that she participate, if it finds that Mother's alcohol abuse negatively affects the children's well-being. Because there is evidence showing that Mother has an alcohol abuse issue, we find the court did not abuse its discretion in ordering Mother to complete the lifestyle assessment.

¶20        Finally, Mother has not shown that the court abused its discretion in declining to make the orders Mother requested regarding Father's parenting time. A psychological evaluation report supports the court's finding that "Father is no threat to the girls." The report states that Father's expressions of anger are "not likely to be physical" and that he "does not present an imminent risk to his children." The report recommended that "contact between Father and his children be re-established as soon as is reasonably possible." Further, the Child Interview Report showed that the children had no fear that their Father might harm them.

## III.    Attorney Fees

**¶21**        Mother challenges the court's order denying her request for an award of attorney fees and costs.  We review a court's decision whether to award attorney fees under A.R.S. § 25-324 for an abuse of discretion.  *Breitbart-Napp v. Napp*, 216 Ariz. 74, 83, ¶ 35 (App. 2007).  The family court ordered each party to pay its own attorney fees and costs, reasoning that "both parties had valid concerns about each other and the Court cannot find that one parent was more unreasonable than the other."  As discussed above, evidence in the record supports this finding.  Therefore, the court did not abuse its discretion.  On appeal, both parties request attorney fees and costs.  In our discretion, we deny both parties' requests.

### CONCLUSION

**¶22**        For the foregoing reasons, we affirm the family court's May 3, 2016 and June 7, 2016 rulings.



AMY M. WOOD • Clerk of the Court
FILED:  AA