NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STEPHENIE LANEY, *Plaintiff/Appellant*,

*v.*

TOWN OF SPRINGERVILLE TOWN COUNCIL; COUNCILMAN
RICHARD DAVID; COUNCILMAN DOUGLAS HENDERSON;
COUNCILMAN ROBERT MACKENZIE; COUNCILMAN DON
SCOTT; MAYOR PHIL HANSON, JR.; TOWN MANAGER
CHRISTOPHER COLLOPY; and ZONING ADMINISTRATOR
MICHAEL LARISH, *Defendants/Appellees*.

No. 1 CA-CV 23-0019
FILED 11-7-2023

Appeal from the Superior Court in Apache County
No. S0100CV202200142
The Honorable Garrett L. Whiting, Judge *Pro Tempore*

**APPEAL DISMISSED**

COUNSEL

Stephenie Laney, Springerville
*Plaintiff/Appellant*

Sims Mackin, Phoenix
By Kristin M. Mackin
*Counsel for Defendants/Appellees*

_____

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Maria Elena Cruz joined.

_____

**C A T L E T T**, Judge:

¶1        Stephenie Laney ("Laney") appeals the superior court's dismissal of her complaint against the Town of Springerville Town Council and others (collectively, the "Council").  Because the superior court dismissed Laney's complaint without prejudice, we lack jurisdiction and dismiss this appeal.

## FACTS AND PROCEDURAL HISTORY

¶2        Laney filed a complaint in the superior court alleging that, in 2021, the Council voted on whether to re-zone certain property.  The vote ended in a tie.  Nine months later, the Council voted again.  The re-zoning measure passed.  Laney alleged this second vote violated town ordinances in various ways.

¶3        The Council asked the superior court to dismiss Laney's complaint for lack of standing and failure to serve a notice of claim.  Laney responded, arguing the Council's motion "focus[ed] on the nuisance to the property not the lack of proper procedures being questioned."  The superior court agreed with the Council and dismissed the complaint.  But in so doing, the superior court did not indicate whether the dismissal was with (or without) prejudice or include language required to make the order final.  Laney still appealed.

¶4        Realizing the dismissal order lacked finality language, this Court stayed the appeal for the superior court to enter a new order containing that language.  And anticipating that finality language may still be insufficient to vest appellate jurisdiction, this Court warned that it "does not express an opinion on whether . . . the order is substantively appealable."  The superior court entered a new dismissal order containing finality language but making clear that the dismissal was without prejudice. This Court then lifted the stay.

## DISCUSSION

**¶5**        Although the Council does not challenge our jurisdiction, "we are obligated to examine our jurisdiction over an appeal" and to dismiss when we lack jurisdiction. *Kool Radiators, Inc. v. Evans*, 229 Ariz. 532, 534 ¶ 8 (App. 2012) (alterations and citation omitted). "The general rule is that an appeal lies only from a final judgment." *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304 (App. 1991); *see also* A.R.S. § 12-2101. A complaint dismissed "without prejudice" is not a "final, appealable order." *Kool Radiators, Inc.*, 229 Ariz. at 534 ¶ 8. Rule 54(c) finality language "does not render an otherwise non-appealable order or judgment appealable as a final judgment." *Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz. 420, 426 ¶ 6 (App. 2016).

**¶6**        There is one potential exception to the general rule: this Court has jurisdiction when a dismissal without prejudice "in effect determines the action and prevents judgment from which an appeal might be taken." A.R.S. § 12-2101(A)(3). The superior court did not deny Laney leave to amend her complaint. *See Robert Schalkenbach Found. v. Lincoln Found., Inc.*, 208 Ariz. 176, 179–80 ¶¶ 6, 13 (App. 2004) (finding jurisdiction when the trial court dismissed without prejudice but refused to grant leave to amend). And we cannot independently conclude that Laney's legal claims are time-barred or that the superior court's order would otherwise prevent a future appealable judgment. *See Osuna v. Wal-Mart Stores, Inc.*, 214 Ariz. 286, 290 ¶ 11 n.4 (App. 2007) (declining to adopt a rule that jurisdiction vests in dismissal without prejudice when claims are otherwise time barred because the statute of limitations is not jurisdictional, can be waived, and the court would be "rais[ing] an affirmative defense on a defendant's behalf"); *McMurray v. Dream Catcher USA, Inc.*, 220 Ariz. 71, 74 ¶ 4 (App. 2009) (dismissing appeal when appellants did "not argue the statute of limitations barred the refiling of any of the claims").

## CONCLUSION

**¶7**        We dismiss this appeal for lack of jurisdiction.

