IN THE COURT OF APPEALS
STATE OF ARIZONA

FILED BY CLERK

JAN 30 2009

COURT OF APPEALS
DIVISION TWO

STAN McMURRAY and CHARLOTTE )
McMURRAY, husband and wife, )
  )
Plaintiffs/Appellees/ )
Cross-Appellants, )
  )
v. )
  )
DREAM CATCHER USA, INC., an )
Arizona corporation, )
  )
Defendant/Appellant/ )
Cross-Appellee. )
  )

2 CA-CV 2007-0165
DEPARTMENT B

O P I N I O N

APPEAL FROM THE SUPERIOR COURT OF PINAL COUNTY

Cause No. CV200700357

Honorable Stephen F. McCarville, Judge

AFFIRMED

The Kolesik Law Group, P.L.L.C.
  By Ivan Kolesik Jr.
Goodyear
Attorneys for Plaintiffs/
Appellees/Cross-Appellants

Struckmeyer & Wilson
  By Christopher J. Wilson and Marc S. Windtberg
Phoenix
Attorneys for Defendant/
Appellant/Cross-Appellee

V Á S Q U E Z, Judge.

**¶1**　　In this action pursuant to the Purchaser Dwelling Actions Act ("the Act"), A.R.S. §§ 12-1361 through 12-1366, defendant/appellant Dream Catcher USA, Inc. ("Dream Catcher") appeals from the trial court's order denying its request for attorney fees following the court's dismissal of the lawsuit filed by Stan and Charlotte McMurray. On cross-appeal, the McMurrays argue the court erred in granting Dream Catcher's motion to dismiss. For the reasons that follow, we affirm the trial court's denial of Dream Catcher's request for attorney fees and dismiss the McMurrays' cross-appeal for lack of jurisdiction.

### Facts and Procedural Background

**¶2**　　"In our review of a motion to dismiss, we must accept all material facts as alleged by the non-moving party as true." *Sun World Corp. v. Pennysaver, Inc.*, 130 Ariz. 585, 586, 637 P.2d 1088, 1089 (App. 1981). In November 2003, the McMurrays entered into a contract to have Dream Catcher construct a residence for them in Pinal County. In August 2006, after multiple construction problems, the McMurrays filed a complaint with the Arizona Registrar of Contractors. In response, Dream Catcher offered to perform repairs to correct the defects the McMurrays had alleged. Although Dream Catcher subsequently repaired some of the defects to the McMurrays' satisfaction, other defects remained. The McMurrays filed an amended complaint with the Registrar after hiring a construction expert who discovered additional defects. In February 2007, they filed this lawsuit in Pinal County Superior Court, alleging breach of contract and of an implied covenant of good faith and fair dealing, breach of implied warranty of workmanship, breach of implied warranty of

2

habitability and fitness of purpose, breach of express warranty, fraud, consumer fraud, intentional and negligent misrepresentation, and estoppel.

¶3        Dream Catcher moved to dismiss, arguing the McMurrays had failed before filing the lawsuit to provide it with notice and an opportunity to repair pursuant to the Act. In response, the McMurrays argued that their complaint filed with the Registrar and Dream Catcher's subsequent efforts to make repairs were sufficient to comply with the Act's requirements. The trial court granted Dream Catcher's motion, dismissing the case without prejudice and requiring each party to pay its own costs and attorney fees.

## Discussion

### Jurisdiction

¶4        Although neither party has raised the issue, this court has an independent duty to determine whether it has jurisdiction over an appeal. *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304, 812 P.2d 1119, 1122 (App. 1991). "The general rule is that an appeal lies only from a final judgment." *Id.*; *see also* A.R.S. § 12-2101. Because it is not a final judgment, "[a] dismissal without prejudice is not appealable and for that reason alone [an] appeal of [such an] order should be dismissed." *L.B. Nelson Corp. of Tucson v. W. Am. Fin. Corp.*, 150 Ariz. 211, 217, 722 P.2d 379, 385 (App. 1986). Here, the trial court dismissed the McMurrays' claims without prejudice, and they do not argue the statute of limitations barred the refiling of any of the claims so that the court's order "in effect determine[d] the action and prevent[ed] final judgment from which an appeal might [have] be[en] taken." *See*

3

*State ex rel. Hess v. Boehringer*, 16 Ariz. 48, 51, 141 P. 126, 127 (1914).[1]  *See also* § 12-2101(D) (appeal may be taken from "any order affecting a substantial right made in any action when the order in effect determines the action and prevents judgment from which an appeal might be taken").  We therefore lack jurisdiction over the McMurrays' cross-appeal.

¶5        However, a dismissal without prejudice "may be 'final' for the purpose of an award of attorney fees," *Osuna v. Wal-Mart Stores, Inc.*, 214 Ariz. 286, ¶ 10, 151 P.3d 1267, 1270 (App. 2007), when a defendant's request for reimbursement would otherwise "be left to turn upon a plaintiff's later decision as to whether he will abandon his claim or commence a new action," *Callanan v. Sun Lakes Homeowners' Ass'n # 1, Inc.*, 134 Ariz. 332, 336-37, 656 P.2d 621, 625-26 (App. 1982).  We thus consider Dream Catcher's appeal on the issue of attorney fees.

---

[1]The eight-year limitations period for the McMurrays' claims under the Act had not run when the action was dismissed.  A.R.S. § 12-552; *see Lofts at Fillmore Condo. Ass'n v. Reliance Commercial Constr., Inc.*, 218 Ariz. 574, n.4, 190 P.3d 733, 737 n.4 (2008) (noting § 12-552 imposes eight-year statute of limitations from substantial completion of dwelling, regardless whether defective construction discovered during that period); *see also* § 12-1363(H) (purchaser's notice under Act "tolls the applicable statute of limitations, including section 12-552, until ninety days after the seller receives the notice or for a reasonable period agreed to in writing by the purchaser and seller").  And, to the extent any of the McMurrays' claims are covered by other statutes of limitations, because they have not raised the issue on appeal, we are "'poorly situated . . . to decide . . . whether a statute of limitation has run to the point of barring an action.'"  *Osuna v. Wal-Mart Stores, Inc.*, 214 Ariz. 286, n.4, 151 P.3d 1267, 1271 n.4 (App. 2007), *quoting Mesa v. United States*, 61 F.3d 20, 22 n.6 (11th Cir. 1995) (first alteration added).  In particular, we lack sufficient information to determine when these claims accrued and, therefore, whether the McMurrays would have been barred from refiling them, thus giving the trial court's order the effect of a final judgment. Moreover, even time-barred claims may be resurrected under Arizona's savings statute.  *See* A.R.S. § 12-504(A).

**Attorney fees**

¶6      Dream Catcher argues the trial court erred in denying its request for attorney fees because it was entitled to a mandatory award of such fees pursuant to § 12-1364.  In reviewing a trial court's decision to deny attorney fees, we view the record in the light most favorable to sustaining that decision and will uphold the court's findings unless they are clearly erroneous.  *Rowland v. Great States Ins. Co.*, 199 Ariz. 577, ¶ 31, 20 P.3d 1158, 1168 (App. 2001).  In the absence of express findings, we may deem any necessary findings to be implied in the court's judgment.  *Id.* ¶ 34.  To the extent a trial court's decision involved a matter of statutory interpretation, our review is de novo.  *See 4501 Northpoint LP v. Maricopa County*, 212 Ariz. 98, ¶ 9, 128 P.3d 215, 217 (2006).

¶7      In Arizona there is no general right to an award of attorney fees; thus, a court may award such fees "only when expressly authorized by contract or statute."  *Burke v. Ariz. State Ret. Sys.*, 206 Ariz. 269, ¶ 7, 77 P.3d 444, 447 (App. 2003).  And, "it is generally held that a party seeking a right or benefit under a statute bears the burden of proving that he comes within the ambit of the statute," *Harvest v. Craig*, 195 Ariz. 521, ¶ 15, 990 P.2d 1080, 1083 (App. 1999), and is entitled to such an award.  *Woerth v. City of Flagstaff*, 167 Ariz. 412, 419, 808 P.2d 297, 304 (App. 1990).

¶8      Section 12-1364 provides in part that, "[i]n any contested dwelling action, the court shall award the successful party reasonable attorney fees."[2]  Accordingly, the

_____

[2]A dwelling action is "any action brought by a purchaser against the seller of a dwelling arising out of or related to the design, construction, condition or sale of the dwelling."  A.R.S. § 12-1361(4).

5

dispositive issue is whether Dream Catcher is a "successful party" as contemplated by this section. In construing a statute, our "primary goal . . . is to give effect to the intent of the legislature." *Cornman Tweedy 560, LLC v. City of Casa Grande*, 213 Ariz. 1, ¶ 8, 137 P.3d 309, 311 (App. 2006). "The language of a statute is the most reliable evidence of its intent." *Walker v. City of Scottsdale*, 163 Ariz. 206, 209, 786 P.2d 1057, 1060 (App. 1989). Furthermore, "the words of a statute must be construed in conjunction with the full text of the statute." *Golder v. Dep't of Revenue*, 123 Ariz. 260, 265, 599 P.2d 216, 221 (1979).

¶9          Here, the Act requires a purchaser to provide written notice of alleged defects prior to filing an action. The seller must respond within sixty days and may include in its response "an offer to repair or replace any alleged defects, to have the alleged defects repaired or replaced at the seller's expense or to provide monetary compensation to the purchaser." § 12-1363. Section 12-1364 defines "successful party" only in terms of the disparity between such an offer and the final judgment. If the seller's offer "is rejected and the judgment finally obtained is less than or less favorable to the purchaser than the offer," the seller is deemed to be the successful party. § 12-1364. In other words, whether a party is "successful" is determined following a final resolution of the purchaser's underlying claim.

¶10          The trial court found that the McMurrays had failed to provide notice to Dream Catcher as required under the Act and, by implication, that there was no corresponding offer.[3]

_____

[3]Because we decide this case on different grounds, we need not address whether, as McMurray contends, the complaint filed with the Registrar and Dream Catcher's attempts to repair constitute proper notice under the Act. We note that Dream Catcher challenged this proposition below and on appeal.

*See Rowland*, 199 Ariz. 577, ¶ 34, 20 P.3d 1158 at 1168. In any event, the underlying claims have not been finally resolved because the court dismissed the lawsuit without prejudice. Consequently, Dream Catcher could not be a "successful party" as contemplated by § 12-1364. Based on the plain language of the Act, we agree with the trial court's conclusion. *See Cornman Tweedy*, 213 Ariz. 1, ¶ 8, 137 P.3d at 311; *Walker*, 163 Ariz. at 209, 786 P.2d at 1060.

¶11 Dream Catcher nevertheless contends that, for the purpose of an award of attorney fees, "a party is a 'successful party' after obtaining a dismissal without prejudice." In support of its argument, Dream Catcher relies on *Mark Lighting Fixture Co., Inc. v. Gen. Elec. Supply Co.*, 155 Ariz. 65, 67, 745 P.2d 123, 125 (App. 1986). However, that case was vacated by our supreme court, which declined on review to reach this issue in the context of a different statute. 155 Ariz. 27, 32, 745 P.2d 85, 90 (1987) (declining to resolve "whether attorneys' fees may be awarded under A.R.S. § 12-341.01 where the complaint is not disposed of on the merits").

¶12 Dream Catcher also cites *Harris v. Reserve Life Ins. Co.*, 158 Ariz. 380, 385, 762 P.2d 1334, 1339 (App. 1988), in support of its position. Its reliance on *Harris* is misplaced for two reasons. First, that case involved an award of costs under A.R.S. § 12-341, not attorney fees under § 12-1364. Where a statute's language is "clear and unequivocal," we do not consider other sources, such as decisions construing arguably analogous statutes. *See Lowing v. Allstate Ins. Co.*, 176 Ariz. 101, 103-04, 859 P.2d 724, 726-27 (1993). Second, to the extent the relevant part of the *Harris* decision itself relied on

7

*Mark Lighting*, it did so inappropriately. "Vacated cases have no precedential value." *Wertheim v. Pima County*, 211 Ariz. 422, n.2, 122 P.3d 1, 5 (App. 2005). Dream Catcher has therefore failed to establish it was a "successful party" under the Act. We thus find no error in the court's requiring each party to pay its own attorney fees.

### Disposition

**¶13** For the reasons stated above, we dismiss the McMurrays' cross-appeal and affirm the trial court's judgment with respect to attorney fees. Because neither party has prevailed on its respective claims, we deny both parties' requests for an award of attorney fees on appeal. *See Kaman Aerospace v. Ariz. Bd. of Regents*, 217 Ariz. 148, ¶¶ 37-38, 171 P.3d 599, 609 (App. 2007).

_____
GARYE L. VÁSQUEZ, Judge

CONCURRING:


_____
PETER J. ECKERSTROM, Presiding Judge


_____
J. WILLIAM BRAMMER, JR., Judge