NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS
NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

HARRISON WILLIS, *Plaintiff/Appellant*,

*v.*

DENTISTS BENEFITS INSURANCE COMPANY, *Defendant/Appellee,*

DR SID S STEVENS, *Defendant/Appellee.*

No. 1 CA-CV 16-0390
FILED 4-20-2017

Appeal from the Superior Court in Maricopa County
No. CV2015-051465
The Honorable Aimee L. Anderson, Judge

**AFFIRMED**

COUNSEL

Harrison Willis, Scottsdale
*Plaintiff/Appellant*

The Hassett Law Firm PLC, Phoenix
By Myles P. Hassett, Jamie A. Glasser, Casey J. Frank
*Counsel for Defendant/Appellee Dentists Benefits Insurance Company*

_____

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Kent E. Cattani joined.

_____

**K E S S L E R**, Judge:

**¶1**        Harrison Willis appeals from the superior court's order designating him a vexatious litigant. Finding no abuse of discretion, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**        In 2013, Willis filed a malpractice lawsuit against his dentist. Because Willis failed to comply with the expert witness requirements set forth in Arizona Revised Statutes ("A.R.S.") section 12-2603 (2004),[1] the superior court dismissed the action without prejudice. Approximately two years later, Willis filed a new complaint against the dentist's malpractice insurer, Dentists Benefits Insurance Company ("DBIC"), which is the subject of this appeal. The complaint alleged that DBIC conspired to "scam" Willis "out of [a] $7.5 million dollar lawsuit" against the dentist.

**¶3**        DBIC timely moved to dismiss Willis's complaint for failure to state a claim under Arizona Rule of Civil Procedure ("Rule") 12(b)(6). The superior court granted DBIC's motion with leave to amend. Willis then

_____

[1]        We cite the current version of applicable statutes when no revision material to this case has occurred.

filed an amended complaint, and DBIC again moved to dismiss.[2] This time, the superior court denied DBIC's motion.

**¶4**        Meanwhile, DBIC filed a motion to designate Willis a "vexatious litigant" pursuant to A.R.S. § 12-3201 (2016).[3] After initially deferring its ruling on DBIC's motion to consider additional pleadings, the superior court ultimately granted the motion. The signed order designated Willis as a "vexatious litigant" and prohibited him from filing "a new pleading, motion, or other document with the Court without first seeking leave of the Court and receiving the Court's permission to make such filing."

**¶5**        Willis appealed from the order. Thereafter, the superior court dismissed the case for lack of prosecution.

## DISCUSSION

**¶6**        The only issue on appeal is the propriety of the superior court's order designating Willis a vexatious litigant.[4] Because the order is a grant of injunctive relief, we have jurisdiction pursuant to A.R.S. § 12-2101(A)(5)(b) (2011). *See Madison v. Groseth*, 230 Ariz. 8, 13 n.8, ¶ 16 (App.

---

[2]        Willis filed his amended complaint on July 1, 2015. Pursuant to Rules 6 and 15, DBIC had until July 21 to file a responsive pleading. Ariz. R. Civ. P. 15(a)(5) (requiring a party to respond to an amended pleading within ten days); Ariz. R. Civ. P. 6(a)(2) (excluding Saturdays, Sundays, and legal holidays from the calculation of time periods under ten days); Ariz. R. Civ. P. 6(c) (providing an additional five days for mailing). DBIC timely filed its motion to dismiss the amended complaint on July 20, 2015. The superior court clearly explained the application of these rules to Willis.

[3]        DBIC's attorney clarified at oral argument that the motion to designate Willis as a vexatious litigant applied only to this case, "not to other possible cases."

[4]        Willis also appealed from the dismissal without prejudice and from multiple interlocutory orders. In an order dated August 31, 2016, Department M of this court dismissed the appeal for lack of jurisdiction "as to all issues other than the vexatious litigant order." *See McMurray v. Dream Catcher USA, Inc.*, 220 Ariz. 71, 74, ¶ 4 (App. 2009) (citation omitted) (holding that a dismissal without prejudice is not a final appealable judgment).

2012). We review a grant of injunctive relief for an abuse of discretion. *Flying Diamond Airpark, LLC v. Meienberg*, 215 Ariz. 44, 47, ¶ 9 (App. 2007) (citation omitted); *see De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990) (citations omitted) ("We review the district court's vexatious litigant order for an abuse of discretion.").

**¶7**      As this court has previously acknowledged, "courts possess inherent authority to curtail a vexatious litigant's ability to initiate additional lawsuits." *Madison*, 230 Ariz. at 14, ¶ 17 (citations omitted). Because a litigant's access to courts is a fundamental right, however, vexatious litigant orders "must be entered sparingly and appropriately." *Id.* (citation omitted).

**¶8**      Effective January 1, 2016, the Arizona Legislature enacted A.R.S. § 12-3201, which authorizes the superior court to designate a pro se party as a "vexatious litigant" and to prohibit him or her from filing "a new pleading, motion or other document without prior leave of the court." A.R.S. § 12-3201(A), (B) (2016).[5] The statute defines "vexatious conduct" to include any of the following:

> Unreasonably expanding or delaying court proceedings. . . . Engaging in abuse of discovery or conduct in discovery that has resulted in the imposition of sanctions against the pro se litigant. . . . Repeated filing of documents or requests for relief that have been the subject of previous rulings by the court in the same litigation.

A.R.S. § 12-3201(E)(1)(b), (d), (f).

**¶9**      Here, the record reflects that Willis repeatedly filed pleadings claiming that DBIC was in default even after the superior court had

---

[5]    The statute grants the authority to designate a vexatious litigant to "the presiding judge of the superior court or a judge designated by the presiding judge." A.R.S. § 12-3201(A). By Administrative Order No. 2014-134, the Presiding Judge of the Maricopa County Superior Court ordered that "[i]f the request to declare a litigant vexatious is specific to the case in which the request was filed . . . the judge assigned to that case shall retain the request, hold any hearing necessary, and issue a ruling on the vexatious litigant request relating to that case." *In re Vexatious Litigant Requests*, Admin. Order No. 2014-134 (Nov. 19, 2014).

expressly ruled otherwise.[6]  *See* A.R.S. § 12-3201(E)(1)(f).  In so doing, Willis unreasonably expanded and delayed the proceedings.  *See* A.R.S. § 12-3201(E)(1)(b).  In addition, the record indicates that Willis engaged in an "abuse of discovery or conduct in discovery that has resulted in the imposition of sanctions."  *See* A.R.S. § 12-3201(E)(1)(d).  Willis did not (1) provide a disclosure statement, (2) respond to DBIC's discovery, or (3) participate in joint filings, as required under the Rules.  The superior court sanctioned Willis for his conduct, yet it continued.  In summary, Willis engaged in "vexatious conduct" as that term is defined by statute.

**¶10**　　　　On appeal, Willis argues only that when DBIC filed its vexatious litigant motion, he had filed only three motions.  He claims that DBIC's motion was based on his conduct in the earlier malpractice action, not the present case.  The superior court, however, deferred ruling on the vexatious litigant motion for almost one year during which time Willis filed numerous additional pleadings.  Accordingly, the vexatious litigant order, which was limited to this case only, was based on a year's worth of vexatious conduct, not simply three motions.[7]

**¶11**　　　　We can understand Willis's frustration as a layperson pursuing litigation.  However, the superior court repeatedly explained to Willis why there were no defaults and Willis continued to request default based on his misunderstanding of the rules.  There is sufficient evidence in the record to support the superior court's order designating Willis as a vexatious litigant. The superior court's order did not extend beyond the underlying lawsuit and was thus appropriately limited in scope.  Accordingly, the superior court did not abuse its discretion.

## CONCLUSION

**¶12**　　　　For the foregoing reasons, we affirm the superior court's order deeming Willis a vexatious litigant.  DBIC has requested attorneys' fees on appeal pursuant to A.R.S. §§ 12-341 and -349.  On appeal, Willis has continued to argue that DBIC defaulted, a claim which is without merit or

---

[6]　　　　Notably, on appeal, Willis continues to argue that he is entitled to a default judgment against DBIC even after Department M of this Court ruled that this Court does not have jurisdiction over this issue.

[7]　　　　Since Willis does not argue on appeal that the other provisions of A.R.S. § 12-3201 were not met, he has waived such argument and we do not address those elements.  *State v. McCall*, 139 Ariz. 147, 164 (1983) (holding issue not raised in opening brief is waived on appeal).

legal support, and over which Department M of this Court has previously ruled that this Court has no jurisdiction. Willis has also repeatedly sought reconsideration of the Department M order, without substantial justification. Willis's claims as to the default and motions for reconsideration are unsupported by the law and the record and Willis's repeated assertion of this claim has unreasonably expanded this litigation. However, exercising our discretion, we deny DBIC's fee application but grant it its reasonable costs on appeal contingent upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA