NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ROBERT JOHN NICAISE, JR.,
*Petitioner/Appellant*,

*v.*

STATE OF ARIZONA ex rel. DES and APARNA SUNDARAM,
*Respondents/Appellees*.

No. 1 CA-CV 23-0563 FC

FILED 12-12-2025

Appeal from the Superior Court in Maricopa County
No. FC2014-094949, FC2014-095056
The Honorable Jillian Francis, Judge

**AFFIRMED**

COUNSEL

Robert J. Nicaise, Jr., Tempe
*Petitioner/Appellant*

Austin R. Martineau Law, Gilbert
By Austin Martineau
*Counsel for Respondent/Appellee Aparna Sundaram*

Arizona Attorney General's Office, Tucson
By Jennifer R. Blum
*Counsel for Respondent/Appellee Department Economic Security*

---

**MEMORANDUM DECISION**

---

Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Anni Hill Foster and Judge Veronika Fabian joined.

---

**M O R S E**, Judge:

¶1        Robert J. Nicaise, Jr. ("Father") appeals the superior court's denial of his request for additional discovery, orders related to child support, and orders denying his motions. For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Father and Aparna Sundaram ("Mother") are the parents of a daughter ("Child") born in 2010. Mother and Father have been litigating issues of legal decision-making, parenting time, and child support since 2014. *See, e.g., Nicaise v. Bernick*, 256 Ariz. 568 (App. 2024); *Nicaise v. Sundaram*, 244 Ariz. 272 (App. 2018), *opinion vacated in part*, 245 Ariz. 566 (2019); *In re Nicaise v. Sundaram*, 1 CA-CV 21-0319 FC, 2023 WL 4198070 (Ariz. Ct. App. June 27, 2023) (mem. dec.). The Arizona Department of Economic Security ("DES") was added as a party in the litigation because the child-support enforcement fell under a federal program requiring state-agency involvement.

¶3        On November 28, 2016, the superior court entered a ruling ("2016 Order") regarding legal decision-making and parenting time. The superior court awarded the parties joint legal decision-making, but designated Father as final decision-maker on "medical, mental health, dental, and therapy issues." The superior court set out schedules for parenting time, including holidays and summertime. The parties were also ordered to exchange income information every 24 months, including an affidavit of financial information ("AFI") and "any other such documentation necessary to establish or prove the income of either party."

¶4        In August of 2019, Father filed a petition to modify legal decision-making, parenting time, and child support, arguing that Mother's misconduct justified modifications to the 2016 Order in the Child's best interests. Mother filed a response and cross-petition for modification of the 2016 Order based mostly on Father's recent DUI conviction. On March 11,

2021, after an evidentiary hearing, the superior court issued its decision ("2021 Order"). It awarded Father sole legal decision-making, designated him as primary residential parent, and limited Mother's parenting time to the weekends. The superior court again ordered the parties to exchange income information every 24 months and ordered Mother to pay $1,102 per month in child support to Father. Mother appealed the 2021 Order.[1]

**¶5**     On September 30, 2022, Father filed a petition to modify child support ("First Petition") arguing that significant and ongoing changes in circumstances entitled him to a modification. Father argued that modification was warranted because Child had turned 12, he was incurring transportation expenses taking Child to "special education at United School for Autism" and therapy appointments, and Mother had violated the 2016 Order by enrolling Child in private health insurance and improperly including the related expenses on her child support worksheet. In November 2022, Mother filed an unsigned AFI with an attached 2021 tax return and employer documentation of her wages.

**¶6**     On November 30, 2022, the superior court held a review hearing during which Father raised the issue of Mother's unsigned AFI. The superior court stated that the 2021 Order did not require Mother to submit an AFI until two years from the date of the 2021 Order and told the parties to file objections in writing 48 hours before the next hearing. Father raised an objection in his pretrial statement.

**¶7**     On January 30, 2023, the superior court dismissed Father's First Petition without prejudice, finding that it lacked jurisdiction over the matter because Mother's appeal of the 2021 Order was still pending. On June 30, 2023, Father filed a second petition to modify ("Second Petition"). The superior court granted Mother's motion to dismiss in which she argued that it lacked jurisdiction because her appeal from the 2021 Order was pending review before our supreme court.

**¶8**     In September of 2023, Father filed a notice appealing the dismissal of the Second Petition. He also filed a motion to reverse and a motion to reconsider the dismissal. The superior court ordered briefing, and Father filed an expedited motion for Mother's financial disclosure ("Motion for Financial Disclosure") in which he specifically requested the superior court order Mother to submit a signed AFI. The superior court denied Father's Motion for Financial Disclosure finding that the issues to be

---

[1]     In June 2023, this Court affirmed the 2021 Order. *See In re Nicaise v. Sundaram*, 1 CA-CV 21-0319 FC, at *5, ¶ 27.

heard at the upcoming hearing did not require updated financial information.

¶9        In December 2023, the superior court denied Father's motions but reinstated Father's First Petition, finding that it had dismissed the petition in error.[2] Father submitted his pre-hearing statement, reiterating his request that Mother file a signed AFI. In August 2023, Father also filed a petition to enforce the 2021 Order. The superior court consolidated Father's Second Petition and the August 2023 petition to enforce into Father's First Petition. On May 8, 2024, the superior court held a hearing regarding the petitions ("2024 Modification Hearing").

¶10       On June 17, 2024, the superior court issued a ruling ("2024 Order"). The 2024 Order increased Mother's child support obligation to approximately $2,100 a month. The superior court found that Mother complied with the 2021 Order when she obtained health insurance for Child. However, the superior court ordered Mother to stop paying for separate private health insurance, finding Father would be responsible for the Child's health insurance in the future. The superior court found that based on the parties' combined monthly income of $30,487, and significant income disparity, a deviation from the Guidelines could be warranted. However, the superior court denied Father's request for a $500 upward deviation, finding it unnecessary. The superior court also denied Father's request to adjust support based on an "extraordinary child expense" of transporting Child to therapy appointments and special education school.

¶11       In July of 2024, Father filed several motions related to the 2024 Order: (1) a motion for new trial based on Mother's failure to submit a signed AFI; (2) an Arizona Rules of Family Law Procedure ("Rule") 83 motion to modify based on an alleged error in the superior court's arrearage calculation ("Motion to Modify Arrearage"); (3) a combined motion to correct judicial errors under Rules 83 and 85; and (4) a Rule 35.1 motion for reconsideration. Father amended the notice of appeal he filed in September 2023, stating he intended to appeal the 2024 Order. The superior court ultimately denied all the motions.

¶12       On September 1, 2024, Father filed a "Petition to Enforce Child Support & the Court's Relevant Orders While Seeking a Finding of Contempt" ("Petition to Enforce and Contempt") alleging Mother had not

---

[2]     In January of 2024, upon Father's appeal, this Court held that the superior court retains jurisdiction over requests to modify maintenance or support even when an appeal is pending. *See Nicaise*, 256 Ariz. at 571, ¶ 16.

complied with the 2024 Order. On February 25, 2025, the superior court held a hearing regarding the Petition to Enforce and Contempt during which both parties testified. The superior court denied the petition and Father's request for attorney fees and costs. Father filed a motion for reconsideration which the superior court denied. On March 19, 2025, Father filed an updated and amended notice of appeal adding these matters.

¶13　　　　Separately, on December 4, 2023, Mother filed an expedited motion asking the superior court to instruct the parties on how to proceed because the 2021 Order did not include a holiday schedule in its parenting-time arrangement. On December 15, 2023, the superior court incorporated the holiday schedule from the 2016 Order into the 2021 Order ("Holiday Order"). The superior court found that incorporation was proper because the 2021 Order implicitly affirmed the holiday schedule in the 2016 Order when it "affirm[ed] all Orders currently in place, except as expressly modified herein."

¶14　　　　Father appeals the 2024 Order and related orders, the Holiday Order, and orders related to the Petition to Enforce and Contempt. We have jurisdiction under A.R.S. § 12-2101(A)(1) over the appeals related to the 2024 Order. In our discretion, we exercise special-action jurisdiction over the Holiday Order and the orders related to the Petition to Enforce and Contempt under Ariz. R. P. Spec. Act. 1(a), 12(b)(7).

## DISCUSSION

### I.　　　　Father's Request for Updated Financial Discovery.

¶15　　　　Father argues the superior court abused its discretion by not requiring Mother to refile an AFI with her signature and not requiring Mother to provide up-to-date financial disclosures, such as tax returns or pay stubs. He asserts that this error violated Rule 49 and his right to due process under the United States Constitution. He argues the superior court erred in concluding that the parties' combined monthly income was only slightly above the $30,000 threshold, rather than "considerably higher" as Father contends. Ultimately, he asserts that this conclusion led the superior court to deny his request for an upward deviation.

¶16　　　　DES also argues that the superior court erred in denying Father's request to require Mother to file a signed AFI. It asserts that an AFI must be signed by a party with personal knowledge of the facts, not a party's counsel, and the superior court's failure to require this constituted an abuse of discretion.

5

¶17 It is undisputed that Mother did not sign in the designated area on her November 2022 AFI. The signature line affirmed that the signer certified the accuracy of the information provided in the AFI, and acknowledged that knowingly submitting false information may constitute perjury subjecting the signer to sanctions. Mother's counsel signed the last page indicating that the information was true to the best of his or her knowledge.

¶18 Father raised the issue of the unsigned AFI in his pretrial statement and objected to the superior court's decision not to address financial disclosure issues at the 2024 Modification Hearing. Father has also raised financial discovery issues several times over the course of the litigation.

¶19 The superior court has broad discretion regarding disclosure and discovery matters, which we will not disturb absent an abuse of discretion. *Marquez v. Ortega*, 231 Ariz. 437, 441, ¶ 14 (App. 2013). In our review, the question is "whether a judicial mind, in view of the law and circumstances, could have made the ruling without exceeding the bounds of reason." *Id.*

¶20 At the 2024 Modification Hearing, the judge stated he would not rule on any disclosure issues as a previous judge had already ruled, and that the hearing would proceed with what was available. As attachments to her 2022 AFI, Mother submitted a 2021 tax return and wage documentation from her employer. At the 2024 Modification Hearing, Mother testified to the accuracy of the AFI. The superior court considered this testimony and the attached documents in issuing its ruling.

¶21 In support of his due process claim, Father cites *Volk v. Brame*, which states, "due process requires an opportunity to confront and cross-examine adverse witnesses." 235 Ariz. 462, 469, ¶ 24 (App. 2014). But Father had an opportunity to cross-examine Mother and offer evidence related to her financial information. He has not pointed to any other legal or factual support for this claim. Given the previous judge's ruling, the additional documentation, and Mother's testimony under oath, we do not find that the superior court was outside the bounds of reason to abstain from ruling on the disclosure issue. *Marquez*, 231 Ariz. at 441, ¶ 14. ("We do not substitute our discretion for that of the trial court."). Father has not demonstrated that the superior court abused its discretion in denying his requests for a signed AFI or additional disclosure. Accordingly, we affirm.

## II.         Father's Request for Upward Deviation in Child Support.

¶22         In the 2024 Order, the superior court denied Father's request for an upward deviation of $500 per month to afford extra activities. In support of his request, Father testified that he wanted to provide Child with music lessons and to offer a quality of life comparable to what Mother was able to provide. The superior court found that the parties' combined income of $30,487 was "slightly above" the $30,000 threshold for an upward deviation and there was a significant income disparity between the parties. However, the superior court found that granting an upward deviation was unnecessary because it had already essentially doubled Mother's child-support obligation.

¶23         Father's sole contention is that the superior court erred in denying the upward deviation because full financial discovery and a signed AFI would have allowed him to demonstrate that the parties' combined income was "considerably higher" than the $30,000 threshold.

¶24         "The decision to modify an award of child support rests within the sound discretion of the trial court and, absent an abuse of that discretion, will not be disturbed on appeal." *Jenkins v. Jenkins*, 215 Ariz. 35, 37, ¶ 8 (App. 2007). We will affirm the superior court's finding of fact if it is supported by reasonable evidence, *Twin City Fire Ins. Co. v. Burke*, 204 Ariz. 251, 254, ¶ 10 (2003), or "if any reasonable construction of the evidence justifies the decision." *Stevenson v. Stevenson*, 132 Ariz. 44, 46 (1982).

¶25         In the 2024 Order, the superior court stated that "Mother testified and provided documentation from her 2022 [AFI] that her income was $10,000 every two weeks, plus she earns consulting income, for a total monthly income of $28,000." In its denial of Father's motion for new trial, the superior court reiterated Mother's testimony and that Father had an opportunity to present testimony and evidence, and to cross-examine Mother regarding her income. Father did, in fact, cross-examine Mother regarding the unsigned AFI and had the opportunity to question her on its accuracy, her current income, or any other financial issues, but he failed to do so. Instead, his cross examination focused on whether the clerk of court had stamped the AFI, and issues related to car payments and insurance. On this record, there is reasonable evidence to support the superior court's finding that Mother had a monthly income of $28,000 and the parties' combined income was $30,487. *See Twin City Fire Ins. Co.*, 204 Ariz. at 254, ¶ 10. Thus, because reasonable evidence supports the superior court's findings, we find no abuse of discretion in the superior court's denial of Father's request.

**III.** **Father's Claim That Mother Should Not Be Allowed to Expense Private Healthcare Costs.**

¶26 The 2021 Order stated Mother "shall provide medical and dental insurance for the benefit of the parties' Child, or shall ensure that the Child is enrolled in and covered by AHCCCS"—Arizona's Medicaid program. In the 2024 Order, the superior court found that both parties had been providing health insurance for Child—Mother through private insurance and Father through AHCCCS. Mother testified that she had paid $352 per month for Child's health insurance coverage. The superior court ultimately found that the 2021 Order required Mother to provide medical insurance, and that her support had spanned from November 1, 2022 through December 31, 2023. The superior court concluded by ordering Mother to remove the Child from her private insurance by January 1, 2024, and made Father responsible for Child's future coverage.

¶27 Father asserts that because AHCCCS covered Child throughout this period, Mother violated the 2021 Order by providing private health insurance. Mother argues that she complied with the 2021 Order because the Division of Child Support Services ("DCSS") sent her employer a notification requiring her to enroll Child in health insurance, and providing such coverage was "not of any proactive action on Mother's part."

¶28 We review de novo the superior court's interpretation of an existing order. *Quijada v. Quijada*, 246 Ariz. 217, 219, ¶ 5 (App. 2019). We construe the language according to its plain, ordinary meaning, attempting "to reconcile and give effect to all terms . . . to avoid any term being rendered superfluous." *Terrell v. Torres*, 248 Ariz. 47, 50, ¶ 14 (2020). The 2021 Order stated that Mother "shall provide" Child with private health insurance or ensure that Child was covered by AHCCCS. Mother did provide Child with health insurance. The 2021 Order did not require Mother to ensure that Father was not also providing insurance for Child. Thus, we agree with the superior court's interpretation of the 2021 Order.

¶29 Father also argues that because Mother indicated no insurance costs on her 2022 AFI, the superior court erred in allowing her to claim expenses dating back to November 1, 2022. Father urges us to find that the superior court clearly erred in allowing Mother to expense those insurance costs on her child-support worksheets. Mother argues that, although she does not provide a specific date on which she was first charged for Child's health insurance, the superior court reasonably inferred a start date less than 18 months from the date of the 2021 Order.

¶30        We affirm the superior court's finding of fact "if any reasonable construction of the evidence justifies the decision." *Stevenson*, 132 Ariz. at 46.  The superior court weighed the parties' testimony and evidence regarding when Mother was first charged with Child's health insurance and concluded that Mother was entitled to claim this expense beginning on November 1, 2022.  Father has not demonstrated an abuse of discretion in the superior court's determination.  *See McMurray v. Dream Catcher USA, Inc.*, 220 Ariz. 71, 74, ¶ 6 (App. 2009) ("In the absence of express findings, we may deem any necessary findings implied in the judgment."); *see also Spector v. Spector*, 94 Ariz. 175, 179 (1963) ("This Court must view the evidence and all reasonable inferences to be drawn from the evidence in the light most favorable to upholding the decree.").

**IV.        Denial of Transportation Expenses.**

¶31        The extraordinary child expense provision provides that the basic support obligation "may be adjusted to provide for costs incurred for a gifted or special needs child."  A.R.S. § 25-320 ("Guidelines") § III.B.6.a.  The education expense provision allows the superior court to make an adjustment "based on any reasonable and necessary expenses for attending private or special schools or necessary expenses to meet the particular educational needs of a child, if such expenses are incurred by agreement of both parents or court ordered."  Guidelines § III.B.5.a.

¶32        Father argues the superior court erred and abused its discretion in denying him an extraordinary child expense or education expense for the costs of driving Child to therapy appointments.  He argues the superior court implied that transportation costs can never be considered an extraordinary expense.  Mother argues that superior court did not conclude that transportation could *never* be an extraordinary expense, but rather the superior court exercised its discretion under these circumstances in denying Father's request.

¶33        Father requested $331 per month in "special education expenses," which he calculated based on the mileage costs he incurred driving Child to school and her "outside therapies."  At the 2024 Modification Hearing, Father presented his calculations as an exhibit.  He testified that the alternatives were impractical and prohibitively expensive, and a free transportation service required a three- to four-hour wait time, to the Child's detriment.

¶34 We presume that the superior court knows and applies the correct standard unless that presumption is rebutted by the record. *Hart v. Hart*, 220 Ariz. 183, 188, ¶ 18 (App. 2009). In its order, the superior court stated that the Guidelines do "not consider the cost of transporting a child to be a financial cost to be factored into a child support obligation." However, it continued its explanation by likening Father's request to transporting a child to school, appointments, or any other special activities in which children are involved. The superior court concluded that Father's costs in transporting Child to therapies and school was analogous to driving any child to such activities and was not an extraordinary cost.

¶35 The superior court exercised its discretion in denying Father's requested adjustment to compensate him for mileage related to driving Child to and from school and therapy. *See Spector*, 94 Ariz. at 179 (stating we "must view the evidence and all reasonable inferences to be drawn from the evidence in the light most favorable to upholding"). On this record, Father has not demonstrated that the superior court abused its discretion. *See Jenkins*, 215 Ariz. at 37, ¶ 8.

## V. Attorney Fees.

¶36 We will not disturb the superior court's determination regarding attorney fees absent an abuse of discretion. *Engel v. Landman*, 221 Ariz. 504, 514, ¶ 45 (App. 2009). In his pretrial statement, Father requested sanctions against Mother under A.R.S. § 25-324(B), sanctions against Mother's counsel under A.R.S. § 25-415, and "an award of attorney fees for all fees incurred since the filing of the first petition on September 30, 2022 . . . ." At the 2024 Modification Hearing, Father mentioned sanctions and attorney fees but cited no statutes. The 2024 Order did not mention attorney fees.

¶37 Father filed a motion for reconsideration asking the superior court to revisit his requests for sanctions under A.R.S. §§ 25-324 and -415, additionally seeking attorney fees and costs under A.R.S. § 25-503(E). The superior court granted Father's motion for reconsideration.[3] The superior court considered Father's request, noting that the statute is intended in part to deter unreasonable conduct by a party. It ultimately concluded that Father had not demonstrated entitlement to an award of attorney fees and

---

[3] The superior court entered a nunc pro tunc order adding binding 78(c) language and a signature making this a final, appealable order.

costs and ordered that each party bear their own fees and costs. The order cited only A.R.S. § 25-324.

**¶38** If claims for attorney fees are not included in the pretrial statement, they are waived absent a showing of good cause. Ariz. R. Fam. Law P. 76.1(g)(16), (i), and 78(e)(1). Because Father did not request attorney fees under A.R.S. § 25-503(E) in his pretrial statement, he waived this issue before the superior court.

**¶39** The superior court found that Father had not demonstrated entitlement to attorney fees under A.R.S. § 25-324 and Father points to no evidence to the contrary. Accordingly, we affirm the superior court's denial under A.R.S. § 25-324. *See McMurray*, 220 Ariz. at 74, ¶ 6 (stating we "uphold the court's findings unless clearly erroneous").

**¶40** Father's only remaining argument is that the superior court erred in not specifically mentioning A.R.S. § 25-415 in its order denying him attorney fees and costs. We disagree. *See McMurray*, 220 Ariz. at 74, ¶ 6 (holding that we may deem any finding necessary to be implied in the judgment). We also assume that the superior court found every fact necessary to uphold the judgment. *Bender v. Bender*, 123 Ariz. 90, 92 (App. 1979). Father has offered no basis to support his allegation that Mother knowingly presented a false claim or filed a groundless, bad faith, or otherwise improper petition. *See* A.R.S. § 25-415. Accordingly, we affirm.

**VI.      Holiday Parenting Time.**

**¶41** In December of 2023, the superior court issued the Holiday Order. On January 8, 2024, Father filed a motion to reconsider or reverse which the superior court denied. Neither order included a signature or Rule 78 finality language. The superior court denied Father's request to add Rule 78(c) language to the orders to make them appealable, and it also denied Father's motions for clarification of the denial.

**¶42** We recognize the Holiday Order and denial of Father's motion for clarification lack the finality language required to be appealable. *See* Ariz. R. Fam. Law P. 78(b)–(c). However, special-action jurisdiction is discretionary, *City of Surprise v. Ariz. Corp. Comm'n*, 246 Ariz. 206, 209, ¶ 6 (2019), and is appropriate when no "equally plain, speedy, and adequate" remedy by appeal exists. Ariz. R. P. Spec. Act. 2(b)(2). We exercise special-action jurisdiction because resolution of this issue will materially advance the efficient management of the case. *See* Ariz. R. P. Spec. Act. 12(b)(7).

11

**¶43** We review the interpretation of a parenting plan de novo and "apply the general rules of construction for any written agreement." *Ball v. Ball*, 250 Ariz. 273, 276, 276, ¶ 6–7 (App. 2020). We construe the language according to its plain, ordinary meaning and to "give effect to all terms." *Terrell*, 248 Ariz. at 50, ¶ 14.

**¶44** The 2021 Order began by explicitly "affirming all [o]rders currently in place, except as expressly modified herein." Father asks us to interpret this language as affirming all orders other than those related to "legal decision-making, parenting time, and support." However, nothing implies that this language is applicable only to some orders and not others. Adopting Father's interpretation would require us to give no effect to the superior court's inclusion of *all* previous orders. We refuse to do so. Nothing in the 2021 Order expressly modified the 2016 Order's holiday-time schedule. Therefore, we uphold the superior court's incorporation of the 2016 Order's schedule. *See id.* (stating we construe language "to avoid any term being rendered superfluous").

**VII.        Petition to Enforce and Contempt.**

**¶45** Father filed the Petition to Enforce and Contempt arguing that Mother was in contempt for not complying with the 2024 Order. After a hearing, the superior court denied the petition and Father's request for attorney fees and costs. The superior court also denied Father's motion for reconsideration. Father did not submit the transcript of that hearing with this appeal.

**¶46** This court lacks jurisdiction over an appeal from a civil contempt adjudication. *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 18 (App. 2003). In our discretion, we elect to treat Father's appeal from the contempt order as a petition for special action and accept special-action jurisdiction. *See id.*; Ariz. R. P. Spec. Act. 1(a), 12(b)(7).

**¶47** An appellant is responsible for making certain that the record on appeal contains all transcripts or other documents for this Court to consider the issues raised on appeal. ARCAP 11(b)–(c). When a party fails to do so, we presume the missing portions of the record would support the superior court's findings. *Burton*, 205 Ariz. at 30, ¶ 16.

**¶48** Father states that he did not have sufficient time to provide this Court with the transcript of the hearing. Even if Father faced time constraints in submitting his opening brief and was initially unable to provide a transcript, he has neither submitted a transcript nor sought an

extension in the eight months since the hearing. Father presents only a conclusory statement that the superior court abused its discretion based on the "evidence and testimony." Accordingly, we presume the missing record would support the superior court's findings and affirm. *See id.*

**¶49** For the first time in his reply brief, Father requests that we bifurcate the issues and consider the denials of his motions in a separate appellate action. We decline to do so. *See Ariz. Dep't of Revenue v. Ormond Builders, Inc.*, 216 Ariz. 379, 385 n.7 (App. 2007) ("We will not address arguments raised for the first time in the reply brief.").

**VIII.        Denial of Adjustment of Arrears.**

**¶50** In the 2024 Order, the superior court ordered Mother to pay $100 in arrears per month, maintaining the amount from the 2021 Order because the court lacked a "current arrears calculation." On July 8, 2024, Father filed the Motion to Modify Arrearage proposing an alternative "arrears payment paydown calculation," stating that "assuming a statutory rate of 8% would require a monthly arrears payment [from Mother] of $418 through the child's future minority." The superior court denied this motion finding that Father failed to prove any of the requisite grounds under Rule 83 and his proposed request to use a different interest rate could not be considered for the first time in this motion. Father then filed a Rule 35.1 motion for reconsideration including an email from DCSS with a financial summary and payment history dated June 17, 2024. He argued that this constituted "newly discovered evidence" under Rule 83(a)(1)(e). The superior court denied this motion. Father argues the denial constituted an abuse of discretion and "failure of reasonable due process."

**¶51** We review the denial of a Rule 83 motion for an abuse of discretion. *McGovern v. McGovern*, 201 Ariz. 172, 175, ¶ 6 (App. 2001). We also review arrearage determinations for an abuse of discretion and view the evidence in the light most favorable to affirming the judgment. *Ferrer v. Ferrer*, 138 Ariz. 138, 140 (App. 1983). We accept the superior court's findings unless clearly erroneous. *Alley v. Stevens*, 209 Ariz. 426, 428, ¶ 6 (App. 2004). We review the denial of a motion for reconsideration for an abuse of discretion. *Tilley v. Delci,* 220 Ariz. 233, 238, ¶ 16 (App. 2009).

**¶52** A modification of a judgment under Rule 83(a)(1)(e) requires "newly discovered material evidence that could not have been discovered and produced at the trial with reasonable diligence." On this record, we find no abuse of discretion. Father had an opportunity to present the DCSS calculation in his Motion to Modify Arrearage and failed to do so. Father

has not demonstrated why he could not have produced this evidence earlier through reasonable diligence or any other abuse of discretion by the superior court. Accordingly, we affirm the court's denial.

## IX.        Attorney Fees on Appeal.

**¶53**        Mother requests attorney fees under A.R.S. § 25-324(a) and sanctions under ARCAP 25, arguing that Father's arguments are unreasonable and unsupported by legal theory. In our discretion, we decline to award attorney fees or impose sanctions on either party. Father also requests "an award of his costs in this matter," including a variety of costs. Father is not entitled to costs as he was not the prevailing party. *See* A.R.S. § 12-341. Mother, as the prevailing party on appeal, is entitled to recover taxable costs upon compliance with ARCAP 21. *See id.*

## CONCLUSION

**¶54**        We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:        JR